**Larry A. SCHOFIELD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39070.**

Missouri Court of Appeals,
Western District.

March 8, 1988.

As Modified May 3, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1988.

Application to Transfer Denied
June 14, 1988.

Sean D. O'Brien, Public Defender, Kansas City, David S. Durbin, Asst. Public Defender, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before COVINGTON, SHANGLER and PRITCHARD, JJ.

PER CURIAM:

Larry A. Schofield appeals the summary denial of his Rule 27.26 motion for post-conviction relief. He seeks reversal and remand for an evidentiary hearing to establish his claims of ineffective assistance of counsel and double jeopardy. Affirmed.

An indictment charged Schofield with seven crimes involving the same female victim and occurring at the same place on the same day at approximately the same time. Schofield faced possible conviction on three charges of first degree assault (Counts I, II, III), three charges of armed criminal action (Counts IV, V, VI), and one charge of first degree burglary (Count VII).

After the state made a plea offer, Schofield decided to plead guilty. Pursuant to the plea agreement, the state promised to dismiss Counts V, VI, VII in exchange for Schofield's guilty pleas to Counts I, II, III, and IV. The agreement provided that the

state would recommend thirty years' imprisonment for each assault charge in Counts I, II, and III to be served concurrently with each other, and thirty years' imprisonment for the armed criminal action charge in Count IV to be served consecutively to the assault sentences, for a total of sixty years' imprisonment.

During the guilty plea proceedings, Schofield admitted that he had stabbed the victim with a knife, beaten her with a piece of wood, and strangled her with a nylon strap. The trial court sentenced Schofield according to the terms of the plea agreement.

■ In his first point, Schofield argues that the trial court was clearly erroneous in denying Rule 27.26 relief without an evidentiary hearing. According to Schofield, his guilty plea was rendered involuntary by his attorney's having assured Schofield that he would receive no more than thirty years, having failed to object to the trial court's imposition of two consecutive thirty-year sentences, having failed to advise Schofield of the consequences of the convictions based upon the pleas, and accepting a $6,500 fee for his services. Schofield contends that his allegations of ineffective assistance of counsel, along with the related allegations, are sufficient to entitle him to a hearing.

When convictions result from a guilty plea, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Gawne v. State*, 729 S.W.2d 497, 499 (Mo.App.1987). To be entitled to an evidentiary hearing, a Rule 27.26 movant must meet two requirements. The motion must allege facts which, if true, would warrant relief and must demonstrate that those facts are not refuted by the record. *Chamberlain v. State*, 721 S.W.2d 139, 140 (Mo.App.1986).

Schofield first alleges that his attorney misadvised him with assurances that his sentence would not exceed thirty years, and that, without such misadvice, he would not have pled guilty. Involuntariness attributed to counsel's misguidance is tested by the reasonableness of the movant's reliance thereon. *Eakins v. State*, 734 S.W. 2d 290, 293 (Mo.App.1987). The record re-

futes the reasonableness of Schofield's reliance on the alleged misadvice. During the guilty plea proceedings, the prosecutor set forth the terms of the plea agreement explaining that the thiry-year sentences on the three assault charges would be served concurrently with each other, but that the thirty-year sentence for armed criminal action would run consecutively to the assault sentences. When the trial judge twice informed Schofield that his total sentence would be sixty years, he indicated his understanding.

■ Schofield's second allegation concerns his attorney's alleged failure to inform him of the collateral consequences of pleading guilty. Schofield maintains that his attorney failed to advise him about diminished parole eligibility and loss of civil rights. This allegation, even if true, shows no basis warranting Rule 27.26 relief because counsel has no duty to inform a defendant of all the collateral consequences of his guilty plea. *Clark v. State*, 736 S.W.2d 483, 484 (Mo.App.1987). Schofield's claims of ineffective assistance of counsel fail to establish entitlement to an evidentiary hearing.

■ In Point II, Schofield argues that the three separate convictions for first degree assault violate his Fifth Amendment protection against double jeopardy. (Pursuant to an order dated October 21, 1987, this court remanded the cause for findings of fact and conclusions of law on Schofield's claim of double jeopardy. The trial court found that Schofield committed three separate assaults and that he was not subjected to double jeopardy.) Schofield emphasizes that the assaults involved one victim and occurred at the same place on the same day at approximately the same time. According to Schofield, the incident involved only one assault accomplished through a multimodal attack. Schofield requests remand for an evidentiary hearing to determine the temporal and spatial connection of the three assault charges.

■ The question of whether or not a claim of double jeopardy can be waived by a guilty plea need not be decided because

the defendant had no double jeopardy defense. In determining a claim of double jeopardy, Missouri follows the separate or several offense rule rather than the same transaction rule. *McDonald v. State,* 734 S.W.2d 596, 598 (Mo.App.1987). A person can be convicted of several offenses arising from the same set of facts without violating double jeopardy. The state is not limited to charging only one offense when several crimes occurred at substantially the same time or can be proved with substantially the same evidence. Several charges do not constitute the same offense if each offense necessitates proof of an essential fact or element not required by the other. *Id.*

In the present case, each of the first degree assault charges required proof that Schofield attempted to kill or cause serious physical injury by means of a dangerous instrument. Section 565.050, RSMo 1978. At his guilty plea hearing, Schofield admitted to stabbing the victim with a knife, beating her with a piece of wood, and strangling her with a nylon strap. Schofield's admissions established three distinct acts of force, committed by three separate methods and inflicted by three separate weapons. Each assault charge required proof of a fact which the other charges did not require. Consequently, Schofield's three convictions for first degree assault did not infringe upon his protection against double jeopardy.

In *United States ex rel. Bracey v. Hill,* 77 F.2d 970, 971 (3d Cir.1935), the court held that no violation of double jeopardy resulted from a guilty plea to a five-count indictment which charged the defendant with five assaults on the same victim by using a metal pitcher, a bottle opener, a bottle, another bottle, and a blunt instrument. *See also Bracey v. Zerbst,* 93 F.2d 8, 9 (10th Cir.1937), which also rejected the identical double jeopardy claim presented by the same petitioner.

Several recent Missouri cases minimize the importance of time and place factors in determining separate offenses for double jeopardy purposes. *State v. Bolen,* 731 S.W.2d 453, 458 (Mo.App.1987), upheld convictions for sodomy and attempted sodomy which occurred simultaneously and involved the same victim. In *State v. Mudd,* 703 S.W.2d 63, 66–67 (Mo.App.1985), the court determined that two acts of sodomy inflicted upon the same victim constituted two separate crimes although the offenses took place at the same location within a relatively short time. *State v. Childs,* 684 S.W.2d 508, 511 (Mo.App.1984), affirmed multiple convictions for repeated sexual assaults on the same victim without any specific evidence of the time intervals between the attacks.

The summary denial of Schofield's Rule 27.26 motion was not clearly erroneous. Affirmed.