**STATE of Missouri, Respondent,**

v.

**Michael W. CUNNINGHAM, Appellant.**

**No. 60578.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 26, 1992.

Emily N. Blood, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant appeals a conviction of forcible rape, a violation of § 566.030.1 RSMo Cum.Supp.1982.[1] Defendant was charged with aggravated rape, expressly a class A felony. Section 566.030.2 RSMo Cum.Supp. 1982. We affirm.

A lengthy discussion of the facts is unnecessary to address the issues. Defendant first claims the trial court erred in not granting his motion for acquittal because the state failed to prove an essential element of the charged crime of aggravated rape. The jury instructions submitted the offenses of aggravated rape and forcible rape to the jury. The error claimed is the

---

1. *Both parties cite to RSMo 1986. This is inaccurate since the crime charged was committed in 1981. The 1978 statute was amended in 1980.*

The charged crime was defined in the amendment.

state failed to prove use of a deadly weapon, an element of aggravated rape. Defendant, however, was not convicted of aggravated rape. The jury found him not guilty of aggravated rape and guilty of forcible rape. The minimum sentence for use of a weapon during rape is ten years. Defendant was sentenced in accord with the verdict to five years. This sentence is permissible only for forcible, not aggravated rape. Therefore, sufficiency of evidence regarding use of a weapon is immaterial since defendant was not convicted of a crime requiring such evidence.

Defendant also contends that he could not be convicted of the offense of forcible rape because a three year statute of limitations ran before the charge was filed in 1991. Defendant's position fails as a matter of law. Forcible rape is defined in § 566.030.1 RSMo Cum.Supp. 1982. The punishment for this crime, which includes life imprisonment, and the definition of aggravated rape are found in § 566.030.2. Aggravated rape is expressly a class A felony while forcible rape is not classified.[2] An unclassified felony punishable by life imprisonment is a class A felony. Section 557.021.3(1)(a) RSMo 1978. "A prosecution for murder or any class A felony may be commenced at anytime." Section 556.036.1 RSMo 1978. Accordingly, conviction of forcible rape, a class A felony, was not barred by a three year statute of limitations.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.

---

2. Until 1980, forcible rape was classified as a     class B felony.