Rose HOLLOWAY, Appellant,

v.

CAMERON COMMUNITY HOSPITAL, INC. and Frederick Kiehl, D.O. Respondents.

No. WD 57064.

Missouri Court of Appeals, Western District.

Submitted Jan. 13, 2000.

Decided March 21, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 2000.

Application for Transfer Denied June 27, 2000.

Martin M. Bauman, St. Joseph, for appellant.

Lloyd J. Bandy, Jr., Kansas City, for respondent.

Before JOSEPH M. ELLIS, P.J., PAUL M. SPINDEN and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Rose Holloway appeals the trial court's ruling that directed verdicts on counts VII, VIII, X, XI, XIII and XIV of her second amended petition. We affirm in part, reverse in part and remand for a new trial.

## I. Background and Procedural History

On April 25, 1998, Rose Holloway ("appellant") filed a second amended petition in the Circuit Court of Clinton County. The second amended petition contained fifteen separate counts alleging wrongful death (Counts I – III), aggravating circumstances (Counts IV – VI), loss of consortium (Counts VII – IX), loss [1] chance of recovery (Counts X – XII) and punitive damages (Counts XIII – XV) against each of three defendants, Cameron Community Hospital ("CCH"), Dr. Frederick Kiehl ("Kiehl") and Dr. Vincent Lem,[2] in connection with the December 1997 death of appellant's husband, Mr. Arthur Holloway. On June 5, 1998, respondents CCH and Kiehl filed a joint answer to appellant's second amended petition. Contained in that answer was, among other things, the following affirmative defense:

11. Plaintiff is not the real party in interest, or alternatively, lacks standing or the capacity to bring suit, with respect to the claims alleged in plaintiff's Second Amended Petition.

On January 18, 1999, a trial commenced at the Circuit Court of Clinton County, before the Honorable Stephen K. Griffin. At the close of appellant's evidence, respondents made two motions for directed verdict. One motion was on the wrongful death claims. The other motion was on the lost chance of recovery, aggravating circumstances, loss of consortium and punitive damages claims. With respect to the wrongful death claims, respondents alleged that appellant failed to make a submissible case. On the lost chance of recovery claims, respondents did not allege that appellant failed to make a submissible case, but, instead, alleged that "[s]he has no standing to bring it because she has never been properly appointed personal representative of Mr. Holloway's estate." In support of that contention, respondents argued that appellant was not a properly appointed personal representative of her late husband's estate. Respondents noted that under Section 473.010,[3] letters testamentary are to be granted in the county in which the decedent was last domiciled. Respondents argued that although the letters were issued in Clinton County, Missouri, appellant had testified that she and her husband last resided in DeKalb Coun-

---

1. The terms "loss chance of recovery," "loss chance of recovery or survival" and *"lost chance ..."* are used interchangeably in reference to the same cause of action. However, we believe the proper title of the action is "lost chance of recovery."

2. Appellant did not appeal any ruling by the trial court related to Dr. Vincent Lem.

3. All statutory references are to RSMo 1994, unless otherwise indicated.

ty, Missouri. Respondents also stated that in appellant's application for the letters testamentary, appellant and her husband's residence was listed as Stewartsville, Missouri – a town in DeKalb County.

The court denied respondents' motion for directed verdict on the three counts of wrongful death, but it sustained the motion with respect to the remaining twelve counts. Those counts consisted of the lost chance of recovery, aggravating circumstances, loss of consortium and punitive damages claims. The transcript of the trial court proceedings reflects that the court directed verdict on the lost chance of recovery claims because of a pleading defect. It directed verdicts on the punitive damages claims because appellant failed to present a submissible case. On the loss of consortium claims, the record is unclear as to the reason for directing verdict on these claims.

With regard to its ruling on the lost chance of recovery claims, the trial court stated in part:

> In looking at the pleadings, I don't know that anyone has looked at this, but all of the causes of actions [have] been brought by [appellant] individually. Therefore, she doesn't have the right to bring the *lost chance of recovery.* (emphasis added)

The court added, "I'm not ruling on her capacity as personal representative other than the fact that she didn't allege her cause of action as personal representative. She made her allegations as individually."

The record shows that the three numbered counts describing appellant's lost chance of recovery actions against each of the three defendants, Counts X, XI and XII, all begin with the following language:

Count [X, XI or XII]
LOSS CHANCE OF RECOVERY

COMES NOW Plaintiff, as an individual, and for her cause of action in Count [X, XI or XII] of this Petition against Defendant, [Cameron Community Hospital, Inc., Frederick Kiehl, D.O. or Vincent M. Lem, M.D.], under RSMo. § 537.020 states to the Court:

1. Plaintiff incorporates paragraphs 1 through 15 of the General Allegations of this Petition as if set out in full.

The record also shows that the style of the case and the general allegations of the second amended petition read, in pertinent part:

ROSE HOLLOWAY, an Individual and as *Personal Representative* of Arthur Holloway

    Plaintiff,

v.

CAMERON COMMUNITY HOSPITAL, INC., et al.

    Defendants.

SECOND AMENDED PETITION FOR WRONGFUL DEATH, LOSS CHANCE OF RECOVERY, LOSS OF CONSORTIUM, AGGRAVATING CIRCUMSTANCES AND PUNITIVE DAMAGES

COMES NOW Plaintiff, Rose Holloway, both as an individual and as *Personal Representative* of Arthur Holloway and for her General Allegations in the Petition state as follows:

GENERAL ALLEGATIONS

1. Plaintiff, Rose Holloway, is the surviving spouse of Arthur Holloway and is entitled to bring an action under RSMo. § 537.080.

\* \* \*

3. Plaintiff, Rose Holloway, was appointed *Personal Representative* of Arthur Holloway by the Probate Court of Clinton County, Missouri, and is entitled to bring an action under RSMo. § 537.020. (emphasis added)

With regard to appellant's claims for punitive damages, the trial court stated, "The court doesn't feel the evidence rised (sic) to a punitive damage submission. Therefore, the request to submit on punitive damages will be denied." On the loss

of consortium claims, the trial court's reason for direction of verdicts is not clear from the record. However, this claim was not raised in appellant's motion for new trial, and thus, was not adequately preserved for review.

Finally, we need not determine why the court directed verdicts on appellant's aggravating circumstances claims, Counts IV, V and VI. Appellant does not appeal the direction of verdicts on any of those counts.

After the court sustained Respondents' motion for directed verdict, appellant made a motion to amend her second amended petition by interlineation so that the words "personal representative" could be inserted in the introductory paragraphs of Counts X, XI and XII to supplant the word "individual," and make those three Counts thereafter read, "COMES NOW Plaintiff, as a personal representative...." The court, however, overruled appellant's motion to amend.

At the conclusion of the trial, the jury found for respondents on appellant's claims for wrongful death, the only claims submitted to the jury. Thereafter, appellant timely filed a motion for new trial that included some of the arguments made before this court on appeal. The motion for new trial was denied. Appellant appeals the trial court's decision to direct verdicts on her claims against CCH and Kiehl for lost chance of recovery, loss of consortium and punitive damages.

## II. Standard of Review

In reviewing a trial court's decision to grant a motion for directed verdict for the defendant, we view the evidence in a light most favorable to the plaintiff and disregard all contrary evidence and inferences. *Estate of Wilde*, 963 S.W.2d 336, 338 (Mo. App. E.D.1997). We will reverse the trial court's judgment only upon determining that the plaintiff made a submissible case.

4. All rule references are to the Missouri Supreme Court Rules of Civil Procedure, unless

*Schumacher v. Barker*, 948 S.W.2d 166, 168 (Mo.App. E.D.1997).

## III. Legal Analysis

### Appellant's Brief: Compliance with Appellate Court Rules

Respondents argue that we should dismiss the entire appeal because appellant failed to comply with Rules 84.04(d) & (e) and 81.12(a).[4] Respondents contend that the "Points Relied On" portions of every point included in appellant's brief do not satisfy Rule 84.04(d)(1)(B) in that each fails to explain, given the context of the case, why she believes that reversible error was committed.

Appellant's brief was filed October 1, 1999. The version of Rule 84.04(d) & (e) in effect on that date provided, in pertinent part:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

**(e) Argument.** The argument shall substantially follow the order of "Points Relied On." The point relied on shall be

otherwise indicated.

restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On". The argument shall also include a concise statement of the applicable standard of review for each claim of error.

We agree that the "Points Relied On" in appellant's brief do not meet the requirements of Rule 84.04(d). For instance, appellant's first Point Relied On purports to identify the challenged trial court action ("DISMISSING COUNT X"), but it fails to adequately explain why the trial court's action constitutes reversible error. Rather, the point merely alerts its reader that the court found that appellant brought the lost chance of recovery claims in an individual capacity and not as a personal representative. The reader must speculate as to why appellant believes that particular determination and the disposition of Count X based on that determination is not supported by the evidence. A reader who is unfamiliar with the lost chance of recovery or survival cause of action and/or the facts of this case must further read the discussion accompanying the Point Relied On to understand what the Point Relied On was intended to convey. Basically, the action can be brought only by a personal representative of the decedent's estate, Section 537.020; *Wollen v. DePaul Health Center*, 828 S.W.2d 681, 686 (Mo.1992), and the record, at least arguably, shows that the action indeed was brought by the decedent's personal representative.

■ Also, in the argument portion of the brief, appellant does not comply with Rule 84.04(e) in that the argument is not limited to the errors alleged in her Points Relied On. Specifically, appellant argues that the motion to amend the second amended petition should have been granted by the trial judge. That issue was not raised in any of appellant's Points Relied On. Nevertheless, since we find that the issue that was raised in appellant's Points Relied On to be dispositive, we need not reach the issue of whether the court should have allowed an amendment.

■ Respondent further argues that, in violation of Rule 81.12(a), appellant fails to provide the appellate court with an adequate record to review this case. We did not receive the entire trial transcript. However, despite appellant's failure to provide a full transcript and despite the deficiencies of appellant's brief, we elect to entertain this appeal. Appellant's brief, although less than exemplary, does delineate the issues sufficiently for the case to be decided on appeal, *see, Brown v. Hamid,* 856 S.W.2d 51, 53 (Mo. banc 1993), and the portion of the transcript that has been provided to us does reveal the reasons for some of the court's rulings.

### Lost Chance of Recovery Claims

The first Point Relied On in appellant's brief challenges the trial court's direction of verdict on appellant's claim for lost chance of recovery against CCH and it reads:

THE COURT ERRED IN DISMISSING COUNT X OF PLAINTIFF'S PETITION AGAINST DEFENDANT CAMERON COMMUNITY HOSPITAL, INC. BECAUSE THE COURT CLAIMED THAT THIS COUNT WAS BROUGHT BY ROSE HOLLOWAY, AS AN INDIVIDUAL, AND NOT AS PERSONAL REPRESENTATIVE OF ARTHUR HOLLOWAY. THIS ERROR CAUSED THE PERSONAL REPRESENTATIVE'S CLAIMS FOR LOST CHANCE OF RECOVERY AGAINST CAMERON COMMUNITY HOSPITAL, INC. NOT TO BE PRESENTED TO THE JURY.

Appellant's second point is the same as the first, except that the second point refers to the disposition of the lost chance of recovery claim against Kiehl (Count XI). Therefore, the following discussion applies to both points.

In discussing point one, appellant states that the trial court was in error for "dismissing" [5] Count X, a lost chance of recov-

---

**5.** Appellant incorrectly labels the trial court's action, a directed verdict, as a "dismissal."

ery claim against CCH, for two reasons. Appellant first complains that the trial court erred in refusing to allow her to amend her petition by interlineation to replace the word "individual" with the words "Personal Representative" in Count X. Appellant asserts that under Rule 55.33(b), she was entitled to amend the petition to conform to the evidence presented in her case-in-chief – evidence that, appellant argues, shows that she was an appointed personal representative of her late husband's estate. Secondly, appellant claims that the trial court was in error essentially because, even without amending Count X, the face of the second amended petition reflects that she brought the lost chance of recovery claims in her capacity as a personal representative.

■ We must say, initially, that we regard the trial court's decision to direct verdict on Count X as being based solely on the court's determination that appellant had not brought the lost chance claim in the capacity of a personal representative. The trial transcript reveals that before sustaining respondents' motion for directed verdict, the court said, "In looking at the pleadings, I don't know that anyone has looked at this, but all of the causes of actions [have] been brought by [appellant] individually. Therefore, she doesn't have the right to bring the lost chance of recovery." We deduce from that statement and others in the record that, in directing verdicts on the lost chance of recovery claims, the court did not even consider the issue raised by respondents at trial regarding whether appellant was a *properly* appointed personal representative. Nor does it appear that the court considered whether appellant had made a submissible case on the substantive claims for lost chance of recovery. Rather the record clearly indicates that, with respect to the lost chance of recovery claims, the court based its disposition solely on what it found to be essentially a pleading defect. Therefore, we do not explore the record to determine whether, in hindsight, the court could have correctly directed verdict because of appellant's possible failure to make a submissible case, her alleged improper appointment as personal representative or any other possible reason that was not cited by the court. *See, Cox v. Miller,* 529 S.W.2d 196, 199–200 (Mo.App. S.D.1975).

■ Given its stated basis for directing verdict on Count X, appellant's failure to bring the lost chance of recovery action as a personal representative, we disagree with the trial court's action. Appellant argues, and we agree, that her second amended petition, on its face and without further amendment, reflects that appellant brought Count X as a personal representative, not merely as an individual. The style of the second amended petition identifies the plaintiff as "ROSE HOLLOWAY, an Individual and *as Personal Representative* of Arthur Holloway." The introductory statement in the petition immediately below the style of the case reads, "COMES NOW Plaintiff, Rose Holloway, *both* as an individual and *as Personal Representative* . . . ." The introductory language of Count X states that "Plaintiff incorporates paragraphs 1 through 15 of the General Allegations of this Petition as if set out in full." Finally, in the referenced "General Allegations," it is further stated that "Plaintiff, Rose Holloway, was appointed Personal Representative of Arthur Holloway . . . and is entitled to bring an action under RSMo. § 537.020." We thus find that by virtue of both the style of the petition and Count X's incorporation of the General Allegations, the petition denotes the personal representative as being a plaintiff in the lost chance of recovery cause of action articulated in Count X. Additionally, even if there was a pleading defect, respondents were not prejudiced. Both respondents were given adequate notice of the lawsuit and the plaintiff was clearly identified. Accordingly, we reverse the trial court's decision with respect to appellant's claims against CCH and Kiehl for lost chance of recovery.

### Punitive Damages Claims

The third and fourth points in appellant's brief are substantially similar, and

they challenge the trial court's disposition of her claims for punitive damages against respondents CCH and Kiehl, respectively. In these points, appellant essentially complains that when the trial court directed verdict on the lost chance of recovery claims, appellant's punitive damages claims were automatically rendered void because they were necessarily predicated on those lost chance of recovery claims.

■ To the contrary, as discussed supra, the record reflects that the court directed verdict on punitive damages for an entirely different reason: because appellant failed to present sufficient evidence to submit a claim for punitive damages. After hearing the evidence presented by appellant, the trial court concluded that there was insufficient evidence to submit the punitive damages claims. We agree, and affirm the trial court's direction of verdicts in favor of CCH and Kiehl on appellant's claims for punitive damages.

### Loss of Consortium Claims

The fifth and sixth points in appellant's brief are identical as well. Points 5 and 6 challenge the trial court's disposition of appellant's claims for loss of consortium against CCH and Kiehl, respectively. Appellant argues that the trial court's direction of verdicts on the lost chance of recovery claims effectively voided her claims for loss of consortium. Appellant says in her brief, "The jury could not award special damages for loss of consortium ... without a finding of damages to appellant's deceased husband."

■ We choose not to review these particular points on appeal. In her motion for new trial, appellant did not allege that the trial court erred in directing verdicts on her loss of consortium claims. Allegations of trial error not included in a timely filed motion for new trial are not preserved for review on appeal. Rule 78.07; *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 912 (Mo.App. E.D.1998).

## IV. CONCLUSION

The parties do not cite any authority, nor are we aware of any, that instructs us as to the wording of a petition with a lost chance of recovery or survival claim brought by a personal representative. Therefore, we apply our own judgment in determining whether the petition identified the appropriate plaintiff for appellant's lost chance of recovery claims against respondents CCH and Kiehl. While Count X itself says that the "Plaintiff, as an individual," is bringing the claim, viewing the evidence in the light most favorable to appellant, the entire petition shows that appellant brought the claim as a personal representative as well. Moreover, the record shows that appellant testified, without objection, as to her status as personal representative, and letters testamentary designating her as such were admitted into evidence. In the aggregate, all of this evidence shows that appellant was bringing her lost chance of recovery action in her capacity as a personal representative. Consequently, because we conclude that the trial court directed verdicts in favor of CCH and Kiehl on appellant's claims for lost chance of recovery based solely on what it believed to be a pleading defect that we do not find existed, we reverse the trial court's disposition on Counts X and XI.

We affirm the directed verdicts on counts VII, VIII, XIII and XIV for reasons consistent with those discussed in the opinion. This case is remanded to the trial court and the trial court is directed to reinstate Counts X and XI for a new trial.

ELLIS and SPINDEN, JJ., concur.