Stephen THORP, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80674.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 8, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 2002.

Mark A. Grothoff, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole E. Gorovsky, Asst. Attorney

General, Jefferson City, MO, for Respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### MEMORANDUM

PER CURIAM.

Stephen Thorp (Movant) appeals the motion court's denial of his Rule 29.15 motion following an evidentiary hearing.

On appeal, Movant contends the motion court erred in denying his Rule 29.15 motion for post-conviction relief because a review of the record leaves a definite and firm impression that Movant was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution in that his trial counsel failed to act as a reasonably competent attorney would under the same or similar circumstances by failing to move to dismiss the armed criminal action charge on the basis that the statute of limitations as to armed criminal action had expired. Movant was prejudiced by his counsel's failure to move to dismiss the armed criminal action charge in that, had counsel done so, the charge would have properly been dismissed and Movant would not be subject to a consecutive prison term of seven years.

On August 1, 1997, Movant was charged by information with one count of murder in the first degree in violation of Section 565.020.1, RSMo 1996, and one count of armed criminal action in violation of Section 571.015, RSMo 1996, for the shooting and killing of Richard L. Gillenwater. According to the information, the killing occurred sometime on or between November 30, 1993 and December 12, 1993. After being instructed on first degree murder, second degree murder and armed criminal action, the jury found Movant guilty of second degree murder and armed criminal action. Movant was sentenced to thirty years for second degree murder and seven years for armed criminal action to be served consecutively. In an order opinion, we affirmed his sentence in State v. Thorp, 11 S.W.3d 740 (Mo.App. E.D.1999).

Movant timely filed his pro se Rule 29.15 motion to vacate, set aside or correct the judgment or sentence. After appointment of counsel, an amended Rule 29.15 motion and request for an evidentiary hearing was filed.

Following an evidentiary hearing, the motion court denied Movant's Rule 29.15 motion noting in its findings of fact and conclusions of law that State v. Cunningham, 840 S.W.2d 252, 253 (Mo.App. E.D. 1992), pursuant to Section 556.036.1, RSMo 1978, held that unclassified felonies punishable by life imprisonment, such as armed criminal action, were class A felonies and not subject to a statute of limitations. The motion court also noted State v. Hyman, 37 S.W.3d 384, 388–93 (Mo.App. W.D.2001) which held that the offense of armed criminal action, Section 571.015, RSMo 1994, is not a class A felony and, therefore, carries a three-year statute of limitations in accord with Section 556.036.2(1). The motion court found that the Hyman ruling constituted a change in the law, and, under the authority of State v. Parker, 886 S.W.2d 908, 923 (Mo.banc 1994), a failure by the defense counsel to predict a change in the law does not constitute ineffective assistance of counsel.

The motion court was bound by this court's decision in Cunningham. Even if Hyman were the law in this district, the motion court correctly found that it cannot constitute ineffective assistance of counsel to fail to predict a change in the law.

Our review of the record on appeal reveals that the motion court's determination

is not clearly erroneous. Rule 29.15(k). We affirm the judgment pursuant to Rule 84.16(b).