**STATE of Missouri, Respondent**

v.

**Roxie W. NIBARGER, Appellant.**

No. WD 68834.

Missouri Court of Appeals, Western District.

Dec. 15, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 2010.

Application for Transfer Denied March 23, 2010.

Melinda K. Pendergraph, Columbia, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before Division Three: MARK PFEIFFER, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Roxie Nibarger appeals the trial court's judgment convicting him of one count of attempted statutory sodomy in the first degree and two counts of child molestation in the first degree. Nibarger contends that the trial court erred in: (1) entering a judgment of conviction for attempted statutory sodomy, and (2) overruling his motion for judgment of acquittal at the close of all the evidence. We affirm.

## Factual and Procedural History

Viewed in the light most favorable to the verdict, *State v. Donahue*, 280 S.W.3d 700, 701 (Mo.App. W.D.2009), the record reflected the following facts. On October 27, 2005, Nibarger's daughter, A.N., was twelve years old and in the sixth grade. After school that afternoon, A.N. went to Nibarger's home, which he shared with A.N.'s step-mother. When Nibarger arrived home from work, he requested repeated hugs from A.N. before leading her down the hallway into his bedroom. Once inside the bedroom, Nibarger removed

A.N.'s pants and underwear. Nibarger laid A.N. on his bed, and then he removed his own pants and underwear. Nibarger placed his penis between A.N.'s buttocks. Nibarger also touched A.N.'s chest and vagina with his hands. The incident lasted five to seven minutes. When it was over, they put their clothes back on. Later, Nibarger's wife came home, and they took A.N. to her mother's home.

A.N. was too scared to tell anyone about the incident until a month later after a school presentation on good and bad touches. A.N. told the school presenter about the abuse. The school presenter told A.N.'s school counselor. The school counselor reported the abuse through a hotline.

At trial, A.N. testified that there were other times in October 2005 that Nibarger touched her at his home. A.N. stated that the first time she recalled being molested by her father was when she was approximately five years old. A.N. estimated that her father had molested her more than ten times.

Nibarger was charged with one count of attempted statutory sodomy in the first degree and two counts of child molestation in the first degree, all arising out of the incident on October 27, 2005. After a bench trial, Nibarger was found guilty on all counts. Nibarger was sentenced to ten years on the attempted statutory sodomy and five years on each of the child molestation counts. The five year sentences were ordered to run concurrent to each other but consecutive to the ten year sentence. Nibarger appeals.

## Standard of Review

Nibarger concedes that he failed to properly preserve either of the points he has raised on appeal and, therefore, requests plain error review pursuant to Rule 30.20. "Review of plain error under Rule 30.20 involves a two-step process. First, we must determine if the claim on its face establishes substantial grounds to find that manifest injustice or miscarriage of justice has resulted." *State v. Lewis,* 243 S.W.3d 523, 525 (Mo.App. W.D.2008) (citations omitted). Not all prejudicial error can be deemed plain error. *State v. Calhoun,* 259 S.W.3d 53, 58 (Mo.App. W.D.2008). "Plain error is evident, obvious, and clear error." *Id.* If plain error is evident on the face of the claim, then we may proceed to consider whether or not a miscarriage of justice or manifest injustice will occur if left uncorrected. *Lewis,* 243 S.W.3d at 525. Where no plain error appears on the face of the claim, we should decline to exercise our discretion to review the claim. *Id.*

## Analysis

■ In point one, Nibarger contends that the trial court plainly erred in finding him guilty of attempted statutory sodomy in the first degree. Nibarger asserts that this offense did not exist in October 2005 because it did not have a statutorily authorized punishment. We disagree.

Nibarger was charged with attempt to commit statutory sodomy by amended information, which alleged that,

Roxie Nibarger in violation of Section 564.011, RSMo, committed the unclassified felony of attempted statutory sodomy in the first degree punishable upon conviction under Sections 564.011, and 558.011, RSMo, in that between and including October 1, 2005 and October 31, 2005, in the County of Platte, State of Missouri, at 64 Florentina, Platte City, the defendant placed his penis between A.N.'s legs, and such conduct was a substantial step toward the commission of the crime of statutory sodomy in the first degree, and was done for the purpose of committing such statutory sodomy in the first degree.

Section 564.011, RSMo 2000, defines the inchoate offense of attempt. Section 564.011 provides that an attempt to commit an offense is to be charged one class lower than the class applicable to the completed offense. The completed felony offenses enumerated in section 564.011 are class A, B, C, and D felonies, the classified felony offenses delineated in section 557.016, RSMo 2000. The authorized terms of imprisonment for the classified offenses delineated in section 557.016 are set forth in section 558.011, RSMo Cum. Supp.2008.

The offense of statutory sodomy in the first degree is an unclassified offense. In other words, it is not described as a class A, B, C, or D felony. Section 566.062 RSMo Cum.Supp.2008. The version of section 566.062 in effect in 2005 when Nibarger was convicted did not expressly include attempt to commit the offense of statutory sodomy in the first degree within its scope.[1] Thus, at the time Nibarger was convicted, attempt to commit statutory sodomy in the first degree could only be charged under section 564.011.

Section 566.062 provides that the defined range of punishment for the unclassified offense of statutory sodomy in the first degree is five years to life imprisonment. This range of punishment does not precisely match any of the ranges of punishment for the classified offenses described in section 558.011. Nibarger thus contends that statutory sodomy in the first degree does not fit precisely into any of the classified completed offenses enumerated in section 564.011 and, therefore, that he could not have been charged with attempt to commit statutory sodomy in violation of section 564.011, as there is no means by which to determine the class of his offense or the corresponding range of punishment under section 558.011.

Nibarger's argument is without merit. Section 557.021, RSMo 2000, expressly addresses determination of the penalty for attempts to commit unclassified offenses. Section 557.021.3 provides that:

> For the purpose of ... determining the penalty for attempts ..., offenses defined **outside of this code** shall be classified as follows: (1) If the offense is a felony: (a) It is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more....

(Emphasis added.)

Statutory sodomy in the first degree has a statutorily proscribed punishment of life imprisonment. As a result, statutory sodomy in the first degree is to be treated as a class A felony pursuant to, and for the limited purposes set forth in, section 557.021.3. Consequently, section 564.011 permits the offense of attempt to commit statutory sodomy in the first degree to be punished as a class B felony, employing the range of punishment for a class B felony set forth in section 558.011. A class B felony is subject to the range of punishment of five to fifteen years imprisonment. Section 558.011. In this case, Nibarger was sentenced to ten years imprisonment. This is well within the statutorily authorized range of punishment for a class B felony. Nibarger was thus appropriately punished upon conviction for attempt to commit statutory sodomy in the first degree under sections 564.011 and 558.011.

This court's southern district reached the same conclusion in *State v. Bonich*, 289 S.W.3d 767 (Mo.App. S.D.2009).[2] Bonich

---

1. Section 566.062 was amended in 2006 to expressly include within its ambit the offense of attempt to commit statutory sodomy, first degree.

2. Application for transfer was denied on Sep-

appealed his convictions on two counts of class B felony attempted statutory sodomy in the first degree. *Id.* at 768. Bonich was sentenced to ten years imprisonment on each count. *Id.* Bonich also argued that, because there was no defined punishment for attempted statutory sodomy in the first degree, the trial court had no authority to enter a judgment of conviction. *Id.* at 773. Like the present case, this issue was reviewed for plain error due to Bonich's failure to raise the issue at trial. *Id.* The *Bonich* court held that, because the offense of statutory sodomy in the first degree is unclassified and punishable by life imprisonment, section 557.021 directs that the offense is to be treated as a class A felony for purposes of determining the appropriate punishment for attempt to commit the offense. *Id.* at 774. Bonich was sentenced within the range of punishment for a class B felony. Therefore, the southern district found that no plain error occurred. *Id.*

In an effort to overcome the effect of section 557.021.3, Nibarger argues that the phrase "outside the code" does not mean unclassified offenses. Nibarger relies on *State v. Hyman*, 37 S.W.3d 384 (Mo.App. W.D.2001). Nibarger's reliance on *Hyman* is misplaced. In *Hyman*, this court held that section 557.021 could not be read to permit treating the unclassified offense of armed criminal action, which has a penalty that includes life imprisonment, as a class A felony for purposes of determining the appropriate statute of limitations. *Hyman*, 37 S.W.3d at 390. This court held that section 557.021.3 was expressly intended "[t]o classify noncode offenses for ... determining the penalty for attempts and conspiracies." *Id.* This court thus easily concluded that section 557.021 could not be applied as requested by the State to determine the statute of limitations for an

unclassified offense. *Id.* The court, in discounting the State's principal authority for its position, *State v. Cunningham*, 840 S.W.2d 252 (Mo.App. E.D.1992), did question whether unclassified offenses defined in, or amended by, the 1977 Criminal Code could be considered to be "outside the code." *Id.* However, the issue of what the legislature meant by the phrase "outside the code" was not before the court, and that discussion is *dicta.*

Nibarger has failed to cite to any case where the phrase "outside the code" employed in section 557.021.3 has been held to refer to something other than unclassified offenses. In fact, such a contention is contrary to our holdings addressing the application of section 557.021 to unclassified offenses. *See Weeks v. State*, 785 S.W.2d 331, 333 (Mo.App. W.D.1990) (forcible rape is a class A felony only for purpose of applying extended imprisonment provisions; where that purpose is inapplicable, forcible rape is unclassified felony); *Wescott v. State*, 731 S.W.2d 326, 331 n. 6 (Mo.App. W.D.1987)(for purposes of applying extended term provisions of persistent or dangerous offender statute, forcible rape is considered a class A felony; but where extended term provisions of persistent or dangerous offender statute do not apply, such felony is not classified); *State v. Greenlee*, 943 S.W.2d 316, 319 (Mo.App. E.D.1997)(unclassified felony offense of sodomy carries punishment of up to life imprisonment, and thus, by operation of statute, is class A felony for purposes of prior and persistent offender sentence enhancement). Notably, these cases involved either the offense of forcible rape (the unclassified offense involved in *Cunningham*) or the offense of sodomy (the unclassified offense involved in this case).

tember 1, 2009.

■ "The primary rule of statutory construction is to give effect to legislative intent as reflected in the plain language of the statute. Each word or phrase in a statute must be given meaning if possible. Related statutes are also relevant to further clarify the meaning of a statute." *Winfrey v. State*, 242 S.W.3d 723, 725 (Mo. banc 2008) (citations omitted). Further, provisions in the same legislative act are to be construed and harmonized together, not read in isolation. *State v. Salter*, 250 S.W.3d 705, 711 (Mo. banc 2008). Section 557.016, which provides for the classification of offenses, and section 557.021, which provides for the classification of offenses "outside of the code," were contemporaneously enacted as part of the 1977 Criminal Code. Section 557.021 immediately follows section 557.016. This strongly suggests a legislative intent to create a cohesive system of imposing consistent ranges of punishment for attempts to commit criminal offenses, whether the completed offense is expressly classified by statute or is treated as classified by the application of section 557.021.3. "The purpose of section 557.021.3 is . . . to ascribe to noncode offenders the same plight as code offenders." *Hyman*, 37 S.W.3d at 390.

We conclude that the phrase "outside the code" in section 557.021.3 refers to unclassified offenses.[3] Section 557.021.3 directs the proper range of punishment for attempts to commit unclassified offenses by characterizing the completed offense as a classified offense, thus permitting the attempt to commit the offense to be classified pursuant to the framework set forth in section 564.011 and punished pursuant to the framework set forth in section 558.011.

We therefore decline to review for plain error as Nibarger has failed to prove "error that is evident, obvious, and clear." *Calhoun*, 259 S.W.3d at 58. Nibarger's contention that he has been convicted of an offense that does not have a statutory punishment is without merit. The trial court did not err in finding Nibarger guilty of attempted statutory sodomy in the first degree and in sentencing Nibarger to ten years imprisonment. Point one is denied.

■ In point two, Nibarger contends that the trial court plainly erred in overruling Nibarger's motion for judgment of acquittal at the close of all evidence as to either of the two counts of child molestation. Specifically, Nibarger contends that the two convictions of child molestation in the first degree amounted to double jeopardy. Nibarger claims that there should have only been one count of child molestation because there was only one event. We disagree.

Section 566.067.1, RSMo Cum.Supp. 2008, states "[a] person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Sexual contact is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010, RSMo Cum.Supp.2008.

The trial court found Nibarger guilty on one count of child molestation in the first degree for touching A.N.'s genitals. The trial court also found Nibarger guilty on a second count of child molestation in the

---

3. We note that *Hyman's dicta* states that "Code offense are those included in the Criminal Code of 1977, Senate Bill No. 60, that became effective January 1, 1979." *Hyman*, 37 S.W.3d at 389. Even if "outside the code" is limited to unclassified offenses not adopted in, or amended by, the 1977 Criminal Code, as suggested in *dicta* in *Hyman*, we note that section 566.062 was first adopted in 1995, and is thus "outside the code."

first degree for touching A.N.'s breasts. Though the alleged offenses occurred in the same episode on October 27, 2005, each alleged offense required proof of a fact not required by the other. Each count required proof that Nibarger touched a different and distinct part of A.N.'s body. As such, Nibarger was properly convicted of multiple violations of Section 566.067.1, and Nibarger's claim of double jeopardy must fail.

■ A similar result was reached in *Schofield v. State*, 750 S.W.2d 463 (Mo. App. W.D.1988). Schofield was charged with seven crimes involving the same victim arising out of one incident. *Id.* at 464. Schofield pled guilty to three counts of assault in the first degree pursuant to a plea agreement. *Id.* at 465. Like Nibarger, Schofield contended that the three convictions constituted double jeopardy because there was only one assault. *Id.* Schofield admitted at his guilty plea hearing that he stabbed the victim with a knife, beat her with a piece of wood, and strangled her with a nylon strap. *Id.* In holding that Schofield had no double jeopardy defense, this court noted that Missouri follows the separate or several rule rather than the same transaction rule. *Id.* at 466. As a result, "[a] person can be convicted of several offenses arising from the same set of facts without violating double jeopardy." *Id.* The court noted that each assault charge required proof of a fact which was not required by the others. *Id.* Therefore,

the three convictions did not constitute double jeopardy. *Id.*

Also analogous is *Bland v. State*, 805 S.W.2d 192, 194 (Mo.App. W.D.1991), where this court rejected a double jeopardy claim involving three convictions for sodomy. The three acts involved various parts of Bland's body and various parts of the victim's body. *Id.* This court held that the three acts were separate and distinct even though they arose from the same set of circumstances or transaction. *Id.*

Nibarger asserts that his case is distinguishable from those where double jeopardy claims have been rejected. Nibarger cites only *State v. Worthington*, 582 S.W.2d 286, 291 (Mo.App. W.D.1979), to illustrate a case where two separate and distinct acts occurred in the same day that did not violate double jeopardy. Nibarger relies on the court's *dicta* that indicated that had the acts occurred at the same time and place, the State would have been required to elect which charge to file. However, *Worthington* carries no weight in light of the subsequent holdings of this court in *Schofield* and *Bland*.

■ We decline to review for plain error as Nibarger has failed to prove "error [that] is evident, obvious, and clear." *Calhoun*, 259 S.W.3d at 58. Nibarger's contention that the two convictions of child molestation in the first degree amounted to double jeopardy is without merit.[4] The trial court did not err in denying Nibarger's motion for judgment of acquittal at the close of all the evidence. Point two is denied.[5]

4. Although we need not reach the second prong of plain error review, we note that the sentences on the two child molestation counts were ordered to run concurrent, suggesting an absence of manifest injustice.

5. We note as an aside that in the argument portion of the brief, Nibarger also advances a sufficiency of evidence argument in addition to the claim of double jeopardy. Rule

84.04(e) states, "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" Issues that are reflected only in the argument section of the brief are not presented for appellate review. *Holloway v. Cameron Cmty. Hosp.*, 18 S.W.3d 417, 422 (Mo.App. W.D.2000). We will not consider, therefore, the sufficiency of evidence argument as it was not included in Nibarger's point relied on.

## Conclusion

We affirm the trial court's judgment.

All concur.