**Thurman PITTMAN, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16787.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1990.

Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

By amended information filed in the Circuit Court of Scott County, Thurman Pittman, Jr. (defendant) was charged with first degree murder as defined and denounced by § 565.003, RSMo 1978, now repealed. Upon his plea of guilty, defendant's punishment was assessed at life imprisonment as provided by § 565.008.2, also now repealed. On June 21, 1988, almost ten years after he was sentenced on October 19, 1978, defendant filed a motion to vacate his plea of guilty under the provisions of Rule 24.035. Relief was denied without an evidentiary hearing. The defendant now appeals. We affirm.

In this court, the defendant has briefed two assignments of error. His first point, reduced to its essence, is that there was no factual basis for the plea "since all of the evidence indicated that [defendant] did not rob the victim." Defendant's second point is that his post-conviction counsel was ineffective. Inasmuch as a post-conviction proceeding cannot be utilized to challenge the effectiveness of counsel in the post-conviction proceeding but is limited to the validity of the movant's con-

viction and sentence, *Sloan v. State*, 779 S.W.2d 580, 583[6] (Mo. banc 1989), we shall concern ourselves only with the defendant's first point.

Addressing the merits of the appeal, we bear in mind that after sentence has been pronounced, a plea of guilty will be set aside only to correct a manifest injustice. *Winford v. State*, 485 S.W.2d 43, 49 (Mo. banc 1972); *McAnulty v. State*, 766 S.W.2d 749, 750 (Mo.App.1989); *Row v. State*, 680 S.W.2d 418, 419 (Mo.App.1984). Moreover, the defendant's denial of guilt at the time he entered his plea of guilty is not dispositive. As the court stated in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970), "[a]n individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Stripped of unnecessary verbiage, the defendant's first point and only substantial argument is that the trial court did not ascertain there was a factual basis for the plea.

In this case, lengthy quotation of the record is unnecessary. The trial court read the accusatory part of the information to the defendant. The defendant was asked if he had been aware that an amended information was going to be filed. Defendant answered affirmatively. The trial court patiently explained that by entering a plea of guilty the defendant would waive his Sixth Amendment right to trial by jury, his right to produce witnesses in his own behalf, and to confront and cross-examine the State's witnesses. It was carefully explained to the defendant that the only sentence the court could impose was a life sentence.[1] The trial court then asked the prosecuting attorney what facts the State would prove if it went to trial. The prosecutor answered:

"Judge, this occurred in Mississippi County. Briefly the facts were that Pittman and Arnold went out together in the country in a car and Arnold was shot by Pittman while they were out in the country and four hundred dollars, at least four hundred dollars, was removed from the body of Arnold and this is basically the outline of the facts that constitute this charge."

The defendant then, in a rambling discourse, denied that the facts recited by the prosecutor were true. Nonetheless, when he was again asked by the trial court if he wished to have his plea of guilty accepted, the defendant answered: "Yes, sir."

We agree that before a court accepts an *Alford* plea, the court should ascertain that there is a factual basis for the plea. *Willett v. State of Georgia*, 608 F.2d 538, 540–41[1] (5th Cir.1979). An express admission of guilt is not required, however, *Row v. State*, 680 S.W.2d at 419, and a prosecutor's statement that he is prepared to prove facts which would constitute the crime to which the defendant is pleading guilty is sufficient. *Bird v. State*, 657 S.W.2d 315, 316 (Mo.App.1983). As noted in that case, in order to qualify for an evidentiary hearing, a post-conviction petitioner must allege facts not refuted by the record. The only ground for relief properly included in the defendant's motion is directly refuted by the record. The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.

---

1. Section 565.008.2, in effect when the plea was entered, provided that: "Persons convicted of murder in the first degree shall be punished by imprisonment by the division of corrections during their natural lives."