Larry NOLAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 59194.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Henry Robertson, Brian N. Brown, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from the denial of his Rule 24.035 motion for post conviction relief after an evidentiary hearing.

On October 10, 1989, pursuant to a plea agreement, movant entered pleas of guilty to eight charges brought in three separate cases. Movant pled guilty to three counts of robbery in the first degree, two counts of armed criminal action, one count of assault in the third degree, one count of unlawful use of a weapon and one count of possession of the controlled substance methamphetamine. The plea court accepted the pleas after determining movant's pleas of guilty were "freely and voluntarily made with defendant understanding the consequences of his act." The court accepted the negotiated pleas and sentenced

movant as a prior and persistent offender to concurrent terms of imprisonment, the longest being thirty years.

Movant presents two points on appeal to obtain a trial on all charges. First, movant alleges the motion court erred when it failed to make a finding of fact or conclusion of law on movant's allegation that he did not knowingly, voluntarily and intelligently waive his rights against self-incrimination, to trial by jury and to confront and cross-examine witnesses. The state contends movant is raising this issue for the first time on appeal. This contention is unfounded. Movant raised this issue in both his pro se and amended motions.

■ The motion court must enter findings of fact and conclusions of law on all issues presented. Rule 24.035(i). Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). The motion court did not make and enter the required findings, some of which may depend upon credibility matters. Therefore, we remand the cause to the motion court in order for it to enter findings on this issue.

■ Second, movant alleges:

THE MOTION COURT CLEARLY ERRED IN OVERRULING [MOVANT'S] 24.035 MOTION BECAUSE THE PLEA COURT LACKED JURISDICTION TO SENTENCE [MOVANT] AS A PERSISTENT OFFENDER IN THAT THE AMENDED AND SUBSTITUTE INFORMATIONS WERE NULLITIES SINCE THEY DID NOT SET OUT THE ESSENTIAL FACTS NECESSARY TO STATE THE OFFENSES OR HAVE ATTACHED COPIES OF THE ORIGINAL INFORMATION OR INDICTMENTS. THE MOTION COURT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THIS ISSUE.

Movant did not object to the sufficiency of the pleadings before he entered his pleas of guilty. In fact movant concedes the original informations and indictments filed in the three cases sufficiently complied with the law. His sole claim of error in this appeal is that the amended and substitute informations were insufficient to maintain jurisdiction because they adopted *by reference* the well pleaded charges and added the prior and persistent pleadings but without repeating the elements of the crimes charged. If true, the issue may be raised at any level in a direct appeal and before the motion court in post conviction relief proceedings. *Franklin v. State*, 655 S.W.2d 561, 563 (Mo.App.1983). The sufficiency of an information or indictment is jurisdictional because of the requirement that it contain all the essential elements of the offense as set forth in the statute and clearly informs movant of the facts constituting the offense in order to enable movant to meet the charges and bar further prosecution. *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1985).

■ Amendment or substitution by incorporation is suspect and such pleadings may be subject to a motion to dismiss. However, in the event of a dismissal, the original information and indictments remain in full force and effect. *See State v. Sanders*, 714 S.W.2d 578, 586 (Mo.App. 1986). Dismissal of the amended and substituted informations which do not comply with the requirements of Rule 23.01(g) do not deprive the plea court of jurisdiction where the original pleadings were sufficient to confer jurisdiction. *Id.* In the present case movant entered pleas of guilty on charges which were sufficiently pled and not abandoned by the subsequent attempts at amendment and substitution. If the amended and substitute informations were subject to dismissal, the original pleadings vested the plea court with jurisdiction and movant has not been prejudiced.

■ Movant raises a "jurisdictional" issue for the first time on appeal after denial of his motion for post conviction relief. In his second amended pro se motion movant pled that the amended and substitute informations did not allege all the essential facts required to invoke the persistent offender statute. Movant did not attack the sufficiency of the pleadings before the plea

court. The claim of insufficiency is in fact not a jurisdictional issue. Because the motion court did not have the opportunity to address this issue, we may not consider it on appeal. *Grubbs v. State*, 760 S.W.2d 115, 120 (Mo. banc 1988), *cert. denied*, 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989).

In any event, the amended and substitute informations in this case appear to comply with the requirements of Rule 23.01(b)(2) and MACH–CR 2.30. They adopt the original indictments and information and allege they were attached and incorporated by reference. The plea court had jurisdiction to proceed with the plea hearing. *See Sanders*, 714 S.W.2d at 586.

We remand for findings of fact and conclusions of law on the issue of whether the pleas were knowingly, voluntarily and intelligently made as required by Rule 24.035(i).

PUDLOWSKI, P.J., and GRIMM, J., concur.