Gary GREEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44532.

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Gary Green appeals from the motion court's denial of his Rule 24.035 motion to vacate judgment and sentence. Green pleaded guilty on April 9, 1990, to one count of sale of marijuana, in violation of § 195.020, RSMo 1986, and was sentenced to seven years in prison. We affirm the motion court's denial of his motion.

Green contends that the motion court erred in finding that the record of his guilty plea established a sufficient factual basis for the court's acceptance of his plea. Green argues that the record does not demonstrate that he "received remunerative consideration for the alleged sale" of marijuana. Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j).

At the guilty plea hearing, the state offered its version of what the evidence would show if the case went to trial:

The State's evidence would be that Ms. Severs and the officer walked into Avis, and the conversation that Mr. Green recounted occurred; and at that point, the confidential informant, the undercover officer, and the Defendant went to the ladies' restroom, where the police officer handed $20 to Mr. Green. Mr. Green removed his billfold. The undercover officer would testify that Mr. Green removed from his billfold marijuana and a scale and asked if the parties wanted to weigh the marijuana, that the [confidential informant] then inspected the baggie and handed it to the undercover police officer.

Green's version differed; he claimed to have been only a middle man in the transaction. He maintained that he only answered a bar patron's inquiry of where she could get some "smoke" and that he only conveyed the patron's $20 bill to the dealer.

Green told the court that the dealer placed marijuana in a telephone directory, and he told the patron where to find the marijuana. Green insists that he did not actually receive any money for the transaction.

 Rule 24.02(e) mandates that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." If the facts do not establish an offense, the court must reject the guilty plea. *Bandy v. State*, 639 S.W.2d 136, 138 (Mo.App. 1982). A defendant is not required to admit or to recite facts constituting the offense in entering a guilty plea if a factual basis for the plea exists. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983). A factual basis exists if the defendant understands the facts recited by the judge or prosecutor. *Id.; Jones v. State*, 758 S.W.2d 153, 154 (Mo.App.1988). As stated in *Pittman v. State*, 796 S.W.2d 413, 414 (Mo.App.1990), "[A] prosecutor's statement that he is prepared to prove facts which would constitute the crime to which the defendant is pleading guilty is sufficient."

The court noted the discrepancy between the state's and Green's versions but still accepted Green's guilty plea after satisfying itself that Green knowingly, voluntarily and intelligently entered the plea. We find no basis for finding that the trial court's acceptance of the plea was clearly erroneous. Even Green's version of the facts established factual support for the guilty plea. He admitted to helping an individual to commit the offense of selling marijuana. Section 562.041.1, RSMo 1986, provides:

> A person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

Green's contention that he did not receive remunerative consideration for the marijuana sale is to no avail.

We conclude that the motion court did not clearly err in finding the trial court's acceptance of Green's guilty plea proper. Judgment affirmed.

All concur.