**Marvin BAKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18906.

Missouri Court of Appeals,
Southern District,
Division One.

May 6, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Marvin Baker (Movant) appeals from the denial of his Rule 24.035 motion for postconviction relief after an evidentiary hearing. Previously, Movant had entered a plea of guilty to the offense of selling a controlled substance in violation of § 195.211, RSMo Cum.Supp.1993. The indictment charged that Movant committed the offense "either acting alone or knowingly in concert with another."

Movant alleges that the motion court erred in finding that the record of his guilty plea established a sufficient factual basis for the court's acceptance of his plea. He argues that the record does not demonstrate that he "sold a controlled substance."

Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991).

Prior to the guilty plea hearing, Movant filed with the court a five-page document

entitled "Petition to Enter Plea of Guilty." His signature appears at the bottom of each page. Among Movant's representations in the pleading are the following:

5. I know that the Court must be satisfied that there is a factual basis for a plea of guilty before my plea can be accepted.

I represent to the Court that I did the following acts in connection with the charge made against me: sold cocaine, a controlled substance to [undercover agent]....

. . . .

16. I know that the Court will not permit anyone to plead guilty who is innocent, and with that in mind, and because I am guilty, I wish to plead guilty and respectfully request the court to accept my plea of guilty.

. . . .

21. I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the Indictment and in this Petition.

At the guilty plea hearing, the prosecutor explained in the following manner what the evidence would show regarding Movant's guilt:

MR. DOLAN: Your Honor, on Wednesday, September 5, 1990, Trooper Kevin Glaser of the Highway Patrol, who at the time was assigned to the SEMO Drug Task Force, was in the Sikeston area in Scott County, Missouri, on an undercover drug investigation.

Trooper Glaser went to the Sunset area of Sikeston, to the Luther/Osage area, where he met with an individual to arrange a buy of a controlled substance. The individual entered his car. They drove for a brief period of time around and stopped.

A second individual, who was also charged in the crime, approached the car, produced a small plastic packet containing a white substance which was represented to the trooper to contain cocaine.

At this time, Mr. Baker came up to the car, interjected into the drug transaction. He inquired of the officer the weight of the substance that he was weighing in his car

at the time. He also inquired of the purchase price. Mr. Baker interjected that the purchase price would be $125.00. The conversation continued for a few more minutes. At one point, Mr. Baker asked the officer for a sample of drugs.

The officer secured the drugs, changed the money, actually paid $110.00 for the substance. Secured the drugs in his possession, transported them back to the drug task force office where he packaged them up, sent them to the Missouri State Highway Patrol Crime Laboratory in Jefferson City, Missouri. The substance was tested, found to contain cocaine, weighed approximately 1.38 grams. The entire drug transaction was recorded on video tape by the officer.

After the prosecutor's statement, Movant's attorney said, "Your Honor, I think there was one discrepancy. I think what was said was one-twenty-five sounds good for whatever the weight was. I don't think he said that it's $125.00 worth." Movant then told the court: "I just walked up to the car, asked him about the weight, and then they priced it, and I think I said 'I think that's worth about $125.00,' and basically that was my involvement."

The court noted the variation between the facts stated by each side, explained to Movant the consequences of his guilty plea, and asked him, "[D]o you still wish me to accept your plea?" Movant responded affirmatively.

The motion court found that Movant's guilty plea was entered and accepted as required by Rule 24.02 and that Movant raised no facts that were not refuted by the transcript of the guilty plea hearing. We cannot say this finding was clearly erroneous.

Rule 24.02(e) provides that the "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

The following principles apply to the instant case:

If the facts do not establish an offense, the court must reject the guilty plea. *Bandy v. State,* 639 S.W.2d 136, 138 (Mo.App. 1982). A defendant is not required to admit or to recite facts constituting the offense in entering a guilty plea if a factual

basis for the plea exists. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983). A factual basis exists if the defendant understands the facts recited by the judge or prosecutor. *Id.; Jones v. State*, 758 S.W.2d 153, 154 (Mo.App.1988). As stated in *Pittman v. State*, 796 S.W.2d 413, 414 (Mo.App.1990), "[A] prosecutor's statement that he is prepared to prove facts which would constitute the crime to which the defendant is pleading guilty is sufficient." *Green v. State*, 829 S.W.2d 629, 630 (Mo.App. 1992).

Like the facts in *Green*, the instant Movant's version of his involvement in the sale provided some factual support for his guilty plea. His version was consistent with aiding another person promote the sale of a controlled substance. By his own statement, Movant acknowledged his criminal responsibility for the conduct of the seller. § 562.-041.1, RSMo 1986.[1]

In addition, Movant signed the petition to enter a guilty plea admitting that he sold the controlled substance and that he understood the charge alleged in the indictment; furthermore, he testified that he freely made his plea because he did the things with which he was charged. *See Pelton v. State*, 831 S.W.2d 651, 653–54 (Mo.App.1992).

The motion court correctly ruled against Movant on this issue. Point denied.

In Movant's other point, he alleges that his guilty plea was involuntary because his trial counsel told him that he would receive probation rather than a prison sentence. As a result, Movant claims that he received ineffective assistance of counsel.

At the motion hearing, Movant and his wife testified that his trial counsel assured him that he would not be sentenced by the court. Movant testified that, regardless of the plea agreement, he understood his attorney to mean he would not be imprisoned upon his guilty plea. However, Movant's trial counsel testified that she never indicated Movant would receive probation, only that it was a possibility.

As required by Rule 24.035(i), the motion court entered findings of fact and conclusions of law on all issues presented, except the one raised in this point. As earlier noted, our review is confined to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). Where matters of credibility are involved, such as here, remand is necessary in order for the motion court to enter findings and conclusions on those matters. *Nolan v. State*, 817 S.W.2d 551, 552 (Mo.App. 1991).[2]

The judgment is affirmed except for that portion denying relief on Movant's claim of ineffective assistance of counsel regarding his guilty plea. Only that portion of the judgment is reversed, and the cause is remanded for findings of fact and conclusions of law on that issue.

PARRISH, C.J., and SHRUM, J., concur.

---

1. § 562.041.1 provides:
   A person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

2. We recognize that the requirement of issuance of findings of fact and conclusions of law by the motion court is not without exception. For a discussion of those exceptions, not applicable here, *see Trehan v. State*, 835 S.W.2d 427, 430 (Mo.App.1992).