STATE of Missouri, Plaintiff–
Respondent,

v.

Austin G. LAWRENCE, Defendant–
Appellant.

No. 28199.

Missouri Court of Appeals,
Southern District,
Division One.

April 3, 2008.

Ty Steven Gaither of Joplin, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie L. Wan, Asst. Atty. Gen. of Jefferson City, MO, for respondent.

JEFFREY W. BATES, Judge.

A trial court convicted Austin Lawrence (Defendant) of assault in the first degree. See § 565.050.[1] This Court is constrained to reverse the judgment and remand the cause for further proceedings because the lower court committed two plain errors resulting in manifest injustice to Defendant. First, Defendant appeared before the court to plead guilty to a related charge of unlawful use of a weapon. To establish a factual basis for this plea, the prosecutor provided the court with a summary of what the State expected to prove if the case were tried. Upon examination by the court, Defendant agreed that the prosecutor's factual summary was substantially correct. At the conclusion of the plea hearing, the judge relied upon the foregoing statements to find Defendant guilty of assault without actually trying him for that offense. Second, the trial court had no authority to act as fact-finder because the record does not establish with unmistakable clarity that Defendant waived his right to a jury trial on the assault charge.

In February 2005, Defendant was bound over to the circuit court for trial. The original information charged Defendant with committing: the class B felony of assault in the first degree in violation of § 565.050 (Count I); the unclassified felony of armed criminal action in violation of § 571.015 (Count II); and the class B felony of unlawful use of a weapon in violation of § 571.030.9 (Count III).[2] Defendant was arraigned on February 28, 2005 and entered pleas of not guilty to all charges.

Over the next 15 months, the trial court set the case for jury trial eight different times. On August 7, 2006, the State filed an amended information charging Defendant with the same three crimes. The order of the charges was changed to: Count I, first-degree assault; Count II, unlawful use of a weapon; and Count III, armed criminal action. A few days later, Defendant filed a written waiver of jury sentencing. See § 557.036.4(1). Defendant did not waive his right to a jury trial, and the trial court again set the case for jury trial on October 31, 2006.

On October 30, 2006, the prosecutor, defense counsel and Defendant all appeared before the trial court for a plea hearing. Defendant filed a petition to plead guilty and withdrew his prior not guilty plea to Count II, which charged him with unlawful use of a weapon. After Defendant was sworn, he was examined by the trial court. In relevant part, Defendant testified as follows:

[By the Court:] Exhibit A is the Petition to Plead Guilty. In question five it reads, "I know that the Court must be satisfied that there is a factual basis for a plea of guilty before my plea can be accepted. I represent to the Court that

1. All references to statutes are to RSMo (2000) unless otherwise specified.

2. References to §§ 571.030 and 557.036 are to RSMo Cum.Supp. (2004).

I shot into a building from my vehicle." Is that information correct?

[By Defendant:] Yes, sir.

The following colloquy then occurred among the trial court, the prosecutor and defense counsel:

BY THE COURT: [Prosecutor], if the Court did not accept the plea and this case went to trial, what evidence would the State expect to introduce at trial?

[By the Prosecutor]: Do you want both counts, Your Honor?

BY THE COURT: Okay. As I understand it, this is a plea to Count II, the unlawful use of a weapon?

[By Defense Counsel]: That's correct.

BY THE COURT: And then the Court is being asked to make a finding on the record as to Count I?

[By the Prosecutor]: Okay, I'll just go through what I would expect to be the evidence, Your Honor.

BY THE COURT: Okay.

The prosecutor then spent six pages of the transcript summarizing the testimony he expected to elicit from five witnesses if the case were tried. In brief, the prosecutor expected to prove that: (1) Defendant had lost his job at UPS; (2) he blamed his supervisor, Eric Colbert, for that event; (3) Defendant found out where Colbert lived and drove to his house; (4) Defendant fired five shots into the house; (5) there were four people inside at the time; and (6) two children were nearly struck by bullets. In particular, the prosecutor expected a police detective to testify about a statement he took from Defendant. In the statement, Defendant purportedly admitted that he had obtained a gun, driven to Colbert's house, seen his vehicle parked in the driveway and fired several shots into the house.

The prosecutor then stated, "[a]nd that, Judge, is the evidence we would offer to go to Count II, to show that the evidence has been corroborated and the defendant shot in the house *and the evidence we would rely on as to Count I.*" (Emphasis added.) Upon examination by the court, Defendant agreed that the information related by the prosecutor was substantially correct. Thereafter, the following colloquy took place:

[By Defense Counsel]: Judge, if we may speak to that, if you're taking this into Count I?

BY THE COURT: Sure.

[By Defense Counsel]: I believe the State indicated that—or they said he knew somebody was there. I believe the evidence would reflect that in fact he did not know that anybody was there.

Defense counsel submitted two witness statements and two police reports to the judge because "we would anticipate, Judge, that *if there was a trial* the defendant would testify consistent with his statements that he didn't know who was in the house, if anyone, when this incident occurred and I believe that's reflected in there." (Emphasis added.)

The trial court found there was a factual basis for Defendant's plea of guilty to Count II. The court also found Defendant guilty of assault in the first degree, as charged in Count I, because of Defendant's statement that he had seen Colbert's vehicle parked in the driveway before the shots were fired. Near the end of the hearing, the trial court also elicited testimony from Defendant that he was entitled to a jury trial on Count II and was waiving that right by his guilty plea to that count. The court's docket entry concerning this

guilty plea hearing states in relevant part, as follows:

Defendant withdraws the plea of not guilty as to Count II previously entered and files a Petition to Enter Plea of Guilty. Defendant sworn. Hearing held. The Court finds that the Defendant's plea of guilty is made voluntarily and intelligently and with full understanding of the charges and the consequences of the plea and with the understanding of rights attending a jury trial and the effect of a plea of guilty on those rights. The Court also finds there is a factual basis for the plea. The Court, therefore, accepts the plea of guilty to the charge of Unlawful Use of a Weapon, Count II, and following presentation of evidence and argument thereon makes a finding of guilt to Assault in the First Degree, Count I, and finds the Defendant guilty in both Counts I and II. Count III is to be dismissed as a part of the plea agreement.

In December 2006, the court accepted the plea agreement and imposed a five-year term of imprisonment on the first-degree assault conviction. The court imposed a 15–year sentence on the unlawful use of a weapon conviction. Execution of *the latter sentence was suspended, and* Defendant was placed on probation. This appeal followed.

■ In Defendant's first point on appeal, he contends there was insufficient evidence to convict him of assault. In his second point, he contends the trial court used the wrong mental state of recklessness in finding that Defendant should have known there were people in the Colbert house. We are constrained to agree that Defendant is entitled to relief, though for different reasons than Defendant advances. Neither of the parties' briefs address the glaring procedural irregularities that occurred below. Nonetheless, this Court cannot turn a blind eye to what transpired. "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.[3] A plain error is one that is evident, obvious and clear. *State v. Oplinger,* 193 S.W.3d 766, 770 (Mo.App.2006). Because our review of the record has revealed two evident, obvious and clear errors that resulted in manifest injustice to Defendant, we exercise our discretionary authority to grant relief pursuant to Rule 30.20.

■ The first plain error involves the manner in which the trial court convicted Defendant of first-degree assault. All three charges against Defendant were supposed to be tried to a jury on October 31, 2006. The day before the scheduled trial, Defendant appeared to enter a guilty plea to the charge of unlawful use of a weapon. A guilty plea must be a voluntary expression of a defendant's choice that is knowingly and intelligently made with sufficient awareness of the relevant circumstances and likely consequences. *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App.2007). To that end, Rule 24.02(e) states that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." *Id.;* see *Felton v. State,* 103 S.W.3d 367, 369 (Mo.App.2003); *State v. Morton,* 971 S.W.2d 335, 340 (Mo.App.1998). A factual basis exists if the defendant understands the facts recited by the prosecutor or the judge. *Baker v. State,* 875 S.W.2d 618, 620

---

**3.** All references to rules are to Missouri Court Rules (2008).

(Mo.App.1994). A prosecutor's statement is sufficient if he or she is prepared to prove facts constituting the crime to which the defendant is pleading guilty. *Id.*

In the case at bar, the prosecutor sought to establish a factual basis for Defendant's guilty plea by thoroughly summarizing the testimony that five witnesses were expected to give if the case were tried. Obviously, none of those witnesses actually appeared and testified, under oath and subject to cross-examination, at the plea hearing. Upon examination by the court, Defendant agreed under oath that the information related by the prosecutor was substantially correct. For the purpose of establishing the voluntary, knowing and intelligent nature of Defendant's plea, this procedure was entirely proper.

The trial court went awry, however, when it relied upon the prosecutor's summary of what he expected to prove, and Defendant's compelled admission that the information related by the prosecutor was substantially correct, to convict Defendant of the crime of first-degree assault. It is axiomatic that statements of counsel are not evidence of the facts presented. *State v. Dowell,* 25 S.W.3d 594, 609 (Mo. App.2000); *State v. Coleman,* 954 S.W.2d 1, 6 (Mo.App.1997); *State v. Shannon,* 892 S.W.2d 761, 765 (Mo.App.1995). Therefore, the prosecutor's statements to the trial court could not, and did not, constitute evidence supporting Defendant's assault conviction. Moreover, it was completely inappropriate for the trial court to require Defendant to vouch for the accuracy of the prosecutor's factual recital and

then use that admission against Defendant to convict him. Rule 24.02(d)(5) explicitly prohibits any such use of the statements made by the prosecutor or Defendant during the plea hearing for that purpose.[4] In short, Defendant was convicted of first-degree assault without ever actually being tried for that offense and without the benefit of any evidence being presented to support his conviction. Eighty years ago, our Supreme Court held in *State v. Jackson,* 318 Mo. 1149, 2 S.W.2d 758 (1928), that "[t]he defendant cannot be convicted on evidence that was not introduced." *Id.* at 760. This principle remains true today. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Defendant was convicted of first-degree assault without being provided with a trial on that offense and without any evidence being presented to prove the charge beyond a reasonable doubt. This was an evident, obvious and clear error that resulted in manifest injustice to Defendant.

The second plain error involved the trial court's decision not to conduct a jury trial on the assault charge. The Missouri Constitution guarantees a criminal defendant the right to a jury trial unless that right is waived. Mo. CONST. art. I, § 18(a), § 22(a). Rule 27.01 states:

(a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner

**4.** This subpart of the rule states, in relevant part, that "evidence of a plea of guilty, later withdrawn, or of an offer to plead guilty to the crime charged or of any other crime, or of statements made in connection with, and rele-

vant to, any of the foregoing pleas or offers is not admissible in any civil or criminal proceeding against the person who made the plea or offer."

prescribed by law, unless trial by jury be waived as provided in this Rule.

(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

A felony defendant's waiver of his right to a jury trial must appear in the record with unmistakable clarity. *State v. Baxter,* 204 S.W.3d 650, 653 (Mo. banc 2006); *Luster v. State,* 10 S.W.3d 205, 210–11 (Mo.App. 2000).

As noted above, all three charges against Defendant were scheduled to be tried to a jury on October 31, 2006. This trial date was the ninth jury setting contained in the record. While Defendant had previously waived jury sentencing, he had not waived his right to a jury trial. At the plea hearing, Defendant only waived his right to a jury trial on the weapons charge alleged in Count II. After reviewing the entire record, it does not appear to this Court with unmistakable clarity that Defendant waived his right to a jury trial on the first-degree assault charge alleged in Count I. Nevertheless, it was the trial court who judged the facts and found Defendant guilty of this offense. In doing so, the trial court committed another evident, obvious and clear error that resulted in manifest injustice to Defendant. *State v. Freeman,* 189 S.W.3d 605, 613 (Mo.App. 2006). As this Court noted in *State v. Mitchell,* 145 S.W.3d 21 (Mo.App.2004), denying a defendant his right to a jury trial constitutes a manifest injustice, even if the evidence against the defendant established his guilt, because the wrong entity judged the defendant to be guilty. *Id.* at 25.

The judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

PARRISH, P.J., concurs.

SCOTT, J., concurs in result.