

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD78253 |
| | ) | |
| v. | ) | OPINION FILED: August 16, 2016 |
| | ) | |
| RUSSELL ALLEN RENFROW, JR., | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division Four: Alok Ahuja, Presiding Judge, Gary D. Witt, Judge and Anthony
Rex Gabbert, Judge

Russell Renfrow appeals his convictions for felony forcible rape under § 566.030,
RSMo,[1] and misdemeanor second-degree child molestation under § 566.068, RSMo.
Renfrow argues that the circuit court plainly erred in permitting his probation officer to
testify to incriminatory statements Renfrow had made, in violation of § 559.125.2,
RSMo. Renfrow also argues that his conviction for second-degree child molestation
should be reversed, because § 566.068 should be interpreted to only apply to offenders
who are 21 years of age or older. We affirm.

---

[1] All statutory citations are to RSMo 2000 as currently updated, unless otherwise noted.

## Factual Background[2]

Renfrow was convicted of forcible rape, an unclassified felony under § 566.030 RSMo, and second-degree child molestation, a misdemeanor under § 566.068 RSMo, following a bench trial in the Circuit Court of Saline County.[3]  The circuit court sentenced Renfrow to a twenty-five year term of imprisonment on the forcible rape conviction, and to a one-year term for child molestation, with the sentences to run concurrently.

Renfrow's convictions arose out of incidents in 2013 involving a 15-year-old female victim.[4]  Renfrow was 18 years old at the time of the incidents in question.

According to the evidence at trial, Renfrow encountered the victim outside a high-school football game in Marshall in 2013.  Renfrow and the victim had previously dated.  Renfrow called to the victim.  After she approached and spoke to him, he led her to an area behind a grocery store.  Renfrow forced the victim to lie down on the ramp of the grocery store's loading dock.  Renfrow then proceeded to partially remove the victim's clothes and engaged in sexual intercourse with the victim against her will.  Renfrow had his hand around the victim's throat during the incident, and at some point the victim lost consciousness.  Renfrow fled the scene before she awoke.

---

[2] This Court must view the evidence in a light most favorable to the verdict and give the State the benefit of all reasonable inferences. *State v. Langdon*, 110 S.W.3d 807, 811 (Mo. banc 2003).

[3] Renfrow was also charged with a second count of second-degree child molestation.  The circuit court dismissed the additional child-molestation count in response to Renfrow's motion for judgment of acquittal at the close of all the evidence.  Neither party raises any issue in regard to this additional charge and we do not address it further.

[4] Pursuant to § 566.226, RSMo, we do not use the name of the victim in this opinion.

2

After regaining consciousness the victim returned to the football game, where witnesses saw that she was in distress. The victim reported what had happened to emergency medical personnel who were stationed at the game. She was taken to the hospital, where a sexual assault examination was conducted. The nurse conducting the examination found genital trauma inconsistent with consensual sex. The Highway Patrol Crime Lab tested samples collected during the victim's sexual assault examination. A sample collected from the victim's genital area was consistent with semen. A DNA analyst testified that the genetic profile of this sample was consistent with Renfrow's profile, with an approximate frequency of one in 1.314 trillion in the Caucasian population, and one in 96.71 trillion in the African-American population.

During the trial, the Court heard testimony from the victim, witnesses from the football game, police, and medical personnel. The Court also heard testimony from Renfrow's probation officer, Lauren Bartlett. Bartlett testified regarding a conversation she had with Renfrow regarding the incident, as well as about Renfrow's previous relationship with the victim. According to Bartlett, Renfrow was initially inconsistent regarding his whereabouts on the day the rape occurred, but ultimately admitted that he "probably had [had sex with the victim], but he couldn't remember" due to certain drugs he had been taking. Renfrow later told Bartlett that the victim had "stalked" him, and that she instigated their sexual encounter at the football game.

Bartlett also testified that Renfrow "stated he believed that they had had sex twice when they dated," which the victim testified was between October 2012 and February

3

2013. This prior consensual sexual relationship was the basis for the misdemeanor second-degree child molestation charge based on the victim's age at the time.

Following his conviction and sentencing, Renfrow filed this appeal.

**Analysis**

**I.**

In his first Point, Renfrow claims that his conviction for forcible rape should be reversed, because "the trial court ***plainly erred*** in allowing [his] probation officer to testify regarding statements [he] made to her," in violation of § 559.125.2, RSMo. (emphasis added).

> Appellant concedes that he did not preserve this claim of error for appellate review and requests this Court to engage in plain error review. Under plain error review, the defendant must show that an evident, obvious, and clear error affected a substantial right resulting in manifest injustice or a miscarriage of justice. Rule 30.20. It is the defendant's burden to demonstrate plain error.

*State v. Williams*, 427 S.W.3d 259, 266-67 (Mo. App. E.D. 2014) (citation and footnote omitted).

Section 559.125.2 provides:

> Information and data obtained by a probation or parole officer shall be privileged information and shall not be receivable in any court. Such information shall not be disclosed directly or indirectly to anyone other than the members of a parole board and the judge entitled to receive reports, except the court or the board may in its discretion permit the inspection of the report, or parts of such report, by the defendant, or offender or his attorney, or other person having a proper interest therein.

We explained the purpose and operation of § 559.125.2 in *Richardson v. Sherwood*, 337 S.W.3d 58 (Mo. App. W.D. 2011):

4

We see no argument that the statute does not mean exactly what it says, which is that "such information" shall not be disclosed to *anyone* other than the named individuals. . . . [¶] The purpose of the statute is that the probationer know that information learned by the probation officer will be held in confidence, subject only to specific exceptions. Information obtained by the probation officer is to be regarded as privileged information, and "*shall not be disclosed directly or indirectly to anyone* other than the members of a parole board and the judge entitled to receive such reports . . . ." [¶] The statute does not authorize discretion.

*Id.* at 65 (citation omitted).

In *Richardson*, we held that a probation officer had violated § 559.125.2 when she disclosed that a probationer was using crack cocaine to his employer, a trucking company:

[The probation officer] was bound by law *not to disclose* privileged, confidential information. The statute takes no notice of whether the employer would have benefited from that information and would have had a legitimate interest in the information. The statute also takes no notice of whether the withholding of information from the employer could have jeopardized the public.

*Id.* Similarly, in *Williams v. State*, 168 S.W.3d 433 (Mo. banc 2005), the Missouri Supreme Court held that a trial court did not err in denying a capital-murder defendant's request for disclosure of probation and parole records of two prosecution witnesses who testified that the defendant had made incriminating statements to them. Although the defendant was facing the death penalty and sought information concerning two of the State's primary witnesses against him, the Supreme Court held that the defendant was not entitled to discovery because "the probation and parole records are confidential under section 559.125, RSMo 2000"). *Id.* at 445.

The statute unambiguously provides that the information Renfrow provided to Bartlett "shall be privileged information," and that this information "shall not be receivable in any court." The State does not argue that allowing Bartlett to testify was consistent with § 559.125.2, or that any of the exceptions to the statutory privilege are applicable here. The admission of Bartlett's testimony violated the terms of § 559.125.2. However, no objection was raised as to this testimony and the terms of this statute were never presented to the trial court. We do not convict the trial court of error when it was never given an opportunity to correct such error. *State v. Lewis,* 243 S.W.3d 523, 525 (Mo. App. W.D. 2008). Renfrow's only avenue for relief is pursuant to plain error review.

In order to justify reversal for plain error, a defendant must demonstrate that error in the circuit court resulted in a manifest injustice. "Under Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006) (quoting *Deck v. State*, 68 S.W.3d 418, 427 (Mo. banc 2002)). "Missouri courts have consistently held that no manifest injustice or miscarriage of justice results when guilt is established by overwhelming evidence." *State v. Barnaby*, 91 S.W.3d 221, 228 (Mo. App. W.D. 2002); *see also*, *e.g.*, *State v. Walter*, 479 S.W.3d 118, 131 (Mo. banc 2016) ("Overwhelming evidence of guilt may lead an appellate court to find that a defendant was not prejudiced by trial court error.").

Renfrow's guilt of the felony forcible rape charge was established by overwhelming evidence. At trial, the Court heard detailed testimony from the victim

6

regarding the rape, and from two witnesses who described the victim's distraught state shortly after the rape occurred. The nurse who conducted the victim's physical examination testified that the victim had two abrasions on her back (consistent with having lain on a concrete surface during the attack), a suction or bite mark on her left breast (consistent with the victim's description of Renfrow's actions), and a one-centimeter laceration on her labia. The nurse testified that the laceration on the victim's genitals was a "major trauma" and was "very uncommon," because "it takes a lot of trauma, a lot of blunt trauma to actually lacerate that area." She testified that this laceration was not consistent with a consensual sex act, and that in twelve years of practice in gynecological clinics, she had never seen such an injury result from consensual sex. A laboratory analyst also testified that a sample taken from the victim's genital area was consistent with sperm, and that the DNA profile taken from this sample matched Renfrow's genetic profile to an extremely high degree of certainty. This evidence can fairly be characterized as overwhelming.

In addition, as Renfrow concedes, the evidence which he challenges, his "statements to the probation officer [concerning the rape] were not a confession." Renfrow stated only that he may have engaged in sexual intercourse with the victim. He described the incident as consensual, and described the victim as the aggressor in their encounter. *See State v. Evenson*, 35 S.W.3d 486, 492 (Mo. App. S.D. 2000) (finding no manifest injustice in admission of defendant's statements to probation officer, where defendant admitted to engaging in anal sex with the victim, but "never characterized the incident as being non-consensual," and "never admitted to an attempted sexual assault").

7

It is also significant that Renfrow was convicted following a bench trial. "In a bench trial, we presume the trial court disregards improper evidence in reaching its judgment, unless the record was clear the trial court considered and relied on the inadmissible evidence." *State v. Galvin*, 483 S.W.3d 462, 466 (Mo. App. E.D. 2016) (citing *State v. Ernst*, 164 S.W.3d 70, 74-75 (Mo. App. S.D. 2005)). Here, the trial judge's detailed comments from the bench following the conclusion of the trial, explaining the basis for the court's decision, establish that the court relied on other evidence – not the probation officer's testimony – to find Renfrow guilty of forcible rape. In explaining its guilty verdict, the court explained that it relied on the victim's testimony as to what happened, the nurse's testimony as to her physical findings, and the results of the DNA testing. The court also considered the fact that two hours apparently elapsed between when the victim was to meet her cousin at the gate to the high school football stadium, and when she appeared following the rape; the court stated that this time lapse was "consistent with the fact that [the victim] was passed out, choked out, or in any event she blacked out for a period of time and that she woke up." The trial court's explanation of the basis for its decision defeats any finding of manifest injustice with respect to Renfrow's conviction for forcible rape.

We reject Renfrow's argument that his conviction of forcible rape should be reversed based on the admission of the probation officer's testimony.

For the first time in his Reply Brief, Renfrow argues that, even if we affirm the forcible rape conviction, his conviction for misdemeanor child molestation should be reversed due to the erroneous admission of the probation officer's testimony. We refuse

to consider this claim.  Fairly read, the first point in Renfrow's opening Brief argues that the erroneous admission of Bartlett's testimony should result in reversal of only his conviction for forcible rape; Renfrow's opening Brief does not argue that the trial court's ruling justifies reversal of his child-molestation conviction.  We will not consider issues raised for the first time in a reply brief, to which the State has had no opportunity to respond.  *See*, *e.g.*, *State v. Plunkett*, 487 S.W.3d 480, 489 n.7 (Mo. App. S.D. 2016) ("Defendant is not permitted to amend his claim of error in his reply brief . . . .  'A claim of error first set forth in a reply brief does not present an issue for appellate review.'" (citation omitted)); *State v. Coleman*, 449 S.W.3d 387, 389 n.1 (Mo. App. E.D. 2014) (same).  This is particularly true when we are addressing a request for plain error review of an issue that was never raised before the trial court and then an entirely new argument is brought forth for the first time in the reply brief.

The dissent argues that we read Renfrow's argument too narrowly.  In support of this argument, the dissent notes: (1) that the probation officer's statements regarding Renfrow's consensual sexual relationship with the victim were raised in the factual statement of the opening brief; (2) Renfrow's first Point Relied On contends broadly that, allowing the "probation officer to testify regarding statements Mr. Renfrow had made to her" resulted in manifest injustice; and (3) Renfrow prays that this Court reverse his conviction**s**--as opposed to conviction.  We find such a cobbling together of facts ignores a plain reading of Renfrow's opening Brief, is unwarranted under the facts of this case, and is unwarranted in plain error review.  Renfrow's first Point Relied On makes no mention of the probation officer's testimony of the consensual sexual relationship

9

between Renfrow and the victim. Nor does it make any mention of his child molestation conviction. It does, however, specifically discuss facts and details surrounding the rape, touched on by the probation officer's testimony. While the dissent makes much of Renfrow's request that the court reverse his convictions plural, it fails to note the proceeding sentences which only address the forcible rape conviction. In its totality, the summation paragraph of Renfrow's first Point Relied On states:

> Without the testimony of Ms. Bartlett, it is likely the trial court would have found Mr. Renfrow not guilty of **the crime of forcible rape**. Therefore, the fact that the trial court allowed Ms. Bartlett to testify at trial despite the existence of section 559.125.2 constitutes a manifest injustice. This right was deprivation of his due process rights. *Vitek v. Jones*, 445 U.S. 480, 488 (1980). Mr. Renfrow respectfully requests that this Court reverse his convictions and remand this case for a new and fair trial.

(emphasis added). We do not agree with the dissent that the use of the plural of conviction can overcome the plain words of Renfrow's Point Relied On and the Argument portions of his Brief that he only challenges his guilt as to the crime of forcible rape. Similarly, we do not believe a reference to overturning both convictions in the conclusion of his Brief, with no argument, adequately preserves the issue for appeal.

The dissent notes that this Court may review a claim of plain error "[w]hether briefed or not" under Rule 30.20[5] and urges this Court to review Renfrow's child molestation conviction for plain error. The rule makes clear, however, that such a review is only to be undertaken "when the court finds that manifest injustice or miscarriage of justice has resulted" from the error. We find that there is no manifest injustice justifying discretionary plain error review. Renfrow was sentenced to a one-year sentence for his

---

[5] All rule citations are to the Missouri Supreme Court Rules (2016), unless otherwise noted.

10

misdemeanor child-molestation conviction, to run concurrently to his twenty-five year sentence for the felony of forcible rape. Given that the sentences run concurrently, and given the time which has elapsed since Renfrow's conviction, it is unclear what (if any) practical effect the reversal of his misdemeanor child-molestation conviction would have. *See State v. Nibarger*, 304 S.W.3d 199, 205 n. 4 (Mo. App. W.D. 2009) (defendant challenged conviction for two counts of child molestation for one act, the court declined to review for plain error but noted, in dicta, that the sentences "were ordered to run concurrent, suggesting an absence of manifest injustice."). Finally, the victim testified unequivocally that she and Renfrow engaged in consensual sexual intercourse in February 2013, when she was 15 years old. Her testimony – which the trial court expressly found to be credible – is sufficient to sustain Renfrow's conviction for child molestation, without consideration of his admission to his probation officer that he had sex with the victim when they were dating.

This young rape victim should not have to endure the incredible trauma of testifying again in a new trial over an issue that was never raised before the trial court, not raised until the reply brief before this Court, addresses only a collateral misdemeanor charge with a concurrent sentence when the defendant is already serving 25 years on the felony charge, will have no impact on whether the defendant is required to register as a sex offender, and when other credible evidence (the victims testimony) supports the finding of guilt on the charge. We refuse to exercise our discretion to grant plain error relief under these facts.

11

## II.

In his second Point, Renfrow argues that applying § 566.068, RSMo to him leads to an absurd and illogical result, and that the statute should be read to apply only to offenders who are over 21 years of age. Renfrow argues that "it would be illogical to criminalize 'sexual contact' between an eighteen-year-old and a fifteen-year-old" under § 566.068, because the legislature has exempted sexual acts involving 18- and 15-year olds from the definitions of second-degree statutory rape and second-degree statutory sodomy. Instead, those statutes only apply if the offender is "twenty-one years of age or older." §§ 566.034, 566.064, RSMo. Renfrow argues that the age requirements applicable to those offenses should be read into § 566.068.

We are not persuaded. The plain language of § 566.068 contains only a single age requirement: that the victim is less than seventeen years of age. Although sexual intercourse or deviate sexual intercourse between an 18-year-old and a 15-year-old may be excluded from the definitions of second-degree statutory rape and second-degree statutory sodomy, those acts would still be subject to prosecution as second-degree child molestation, because the acts involve "sexual contact." Thus, the General Assembly has not rendered those actions wholly immune from prosecution, as Renfrow implies. By defining such acts as second-degree child molestation, but *not* as second-degree statutory rape or second-degree statutory sodomy, the legislature has authorized first-time, nonviolent offenders under twenty-one to be prosecuted for a misdemeanor of child molestation, rather than for the felony of statutory rape or statutory sodomy. The legislature's decision to subject younger offenders to less severe punishment is hardly

12

absurd or illogical. "The duty and power to define crimes and ordain punishment is exclusively vested in the Legislature." *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 235 (Mo. banc 1982).[6]

## Conclusion

We affirm the judgment and sentences of the circuit court, which convicted and sentenced Renfrow for forcible rape and second-degree child molestation.

_____
Gary D. Witt, Judge

Judge Gabbert concurs.
Judge Ahuja dissents in part in separate opinion.

---

[6] Renfrow's second Point Relied On invokes due-process principles. His argument on Point II, however, discusses the issue as one of statutory construction, and we address it from that perspective. We also reject Renfrow's claim that his argument involves the sufficiency of the evidence to convict him. Under his argument in Point II, he could *never* be convicted of second-degree child molestation for engaging in sexual intercourse with the victim in February 2013, no matter how strong the evidence.



# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | **WD78253** |
| | ) | |
| RUSSELL ALLEN RENFROW, JR., | ) | FILED: August 16, 2016 |
| | ) | |
| Appellant. | ) | |

### OPINION DISSENTING IN PART

For the reasons stated in the majority opinion, I concur in the affirmance of Renfrow's forcible rape conviction. I also concur in the rejection of Renfrow's argument that the statute defining second-degree child molestation (§ 566.068, RSMo) must be read to require that offenders be 21 years of age or older. I respectfully dissent, however, from the majority's refusal to reverse Renfrow's conviction of second-degree child molestation because of the circuit court's erroneous admission of testimony from Renfrow's probation officer, Lauren Bartlett.

Bartlett testified that Renfrow "stated he believed that [he and the victim] had had sex twice when they dated" between October 2012 and February 2013, when the victim was either 14 or 15 years old. The statement attributed to Renfrow effectively admitted his guilt of second-degree child molestation, and the circuit court explicitly relied on Bartlett's testimony in finding Renfrow guilty of this offense. As the majority recognizes, admission of Bartlett's testimony violated § 559.125.2, RSMo, which unambiguously provides, with exceptions not relevant here, that "[i]nformation and data

obtained by a probation or parole officer shall be privileged information and shall not be receivable in any court."

The majority asserts that Renfrow's opening Brief failed to argue for reversal of his conviction of second-degree child molestation based on the admission of Bartlett's testimony. I respectfully disagree. In addition to describing Bartlett's testimony concerning what Renfrow said about the events of September 16, 2013, the fact statement of Renfrow's opening Brief separately recites Bartlett's testimony that he admitted to having consensual sex with the victim while they were dating. Renfrow's first Point Relied On contends that "[t]he trial court plainly erred in allowing Mr. Renfrow's probation officer to testify regarding statements Mr. Renfrow had made to her." The Point attacks the entirety of Bartlett's testimony, not just the testimony related to the forcible rape charge. Renfrow's argument under Point I contends that Bartlett's testimony was wholly inadmissible; like the Point Relied On, Renfrow's legal argument is not limited to Bartlett's testimony relevant to the forcible rape charge. Moreover, at the conclusion of his argument in Point I, Renfrow prays "that this Court reverse his *conviction*s and remand this case for a new and fair trial" (emphasis added); the prayer is not limited to the forcible rape conviction. The fact that Renfrow's first Point challenges *both* of his convictions is made unmistakably clear in the Conclusion of his opening Brief, which contrasts the relief he is requesting in his first and second Points. The Conclusion states:

> As discussed in the first point relied on, this Court should reverse **both of Mr. Renfrow's convictions** and remand for a new and fair trial. As discussed in the second point relied on, this Court should reverse Mr. Renfrow's conviction for child molestation in the second degree.

(Emphasis added.)

Thus, Renfrow's opening Brief contains all of the essential elements of an argument that his child molestation conviction should be reversed based on the admission of Bartlett's testimony: the Brief describes the testimony that Bartlett gave that was

2

relevant to the child molestation charge; the Brief makes the legal argument, supported by relevant authority, that Bartlett's testimony was "clearly inadmissible" by virtue of § 559.125.2, RSMo; and Renfrow's Brief closes by asking that "both of [his] convictions" be reversed based on the admission of Bartlett's testimony. I believe this issue was adequately presented, and should accordingly be decided on the merits.

Even if the issue was not adequately raised in Renfrow's opening Brief, however, I would still address it. Rule 30.20 authorizes this Court to consider "plain errors affecting substantial rights" "*[w]hether briefed or not*." (Emphasis added.) Although an appellate court should rarely exercise the authority to consider unbriefed errors, the power to do so undeniably exists. In the footnote I have collected a number of recent cases in which this Court has reversed criminal convictions based on plain errors which were not briefed by the defendant on appeal.[1]

This is an appropriate case in which to address an unbriefed issue. Even assuming that Renfrow did not specifically challenge the effect of Bartlett's erroneously admitted testimony on his conviction for child molestation, he plainly challenged the admissibility of Bartlett's testimony at least as it related to the forcible rape conviction. To decide

---

[1] *State v. Lawrence*, 250 S.W.3d 763, 766-68 (Mo. App. S.D. 2008) (although "[n]either of the parties' briefs address the glaring procedural irregularities that occurred below," holding that "this Court cannot turn a blind eye to what transpired"; reversing assault conviction where trial court convicted defendant based in part on defendant's admissions when pleading guilty to another charge, and without any waiver by defendant of his right to a trial by jury); *State v. Kimes*, 234 S.W.3d 584, 590 (Mo. App. S.D. 2007) ("Although Defendant has not raised the imposition of his ten-day jail sentence as an issue on this appeal, we are compelled to *sua sponte* review it for plain error according to Rule 30.20."; reversing defendant's jail sentence because "[i]nfractions are not punishable by jail time"); *State v. Beck*, 167 S.W.3d 767, 772-73 (Mo. App. W.D. 2005) (although not argued on appeal, correcting judgment which convicted appellant of the class B felony of assault in the first degree, where jury verdict only found appellant guilty of the class C felony of assault in the second degree), *overruled on other grounds*, *State v. Bolden*, 371 S.W.3d 802, 805-06 (Mo. banc 2012); *State v. Collins*, 154 S.W.3d 486, 491 (Mo. App. W.D. 2005) (although not briefed, reversing judgment to the extent it convicted two defendants of erroneous classes of misdemeanors, as compared to jury's verdicts); *State v. Sykes*, 85 S.W.3d 762, 763 (Mo. App. W.D. 2002) ("Although Sykes does not raise the sufficiency of the evidence as an issue in this appeal, we may consider it *sua sponte*."; conducting sufficiency review and reversing conviction of one count of robbery in the first degree); *State v. Montgomery*, 64 S.W.3d 328, 332 (Mo. App. E.D. 2001) ("For reasons other than those set forth by defendant, his conviction on Count I for sodomy must be reversed."; although defendant argued that his conviction on Count I should be reversed because the evidence only established deviate sexual intercourse on two occasions, not three, the Court reversed on the basis that evidence did not support Count I as submitted, namely that defendant touched child-victim's penis with defendant's hand).

Renfrow's first Point necessarily requires that we review Bartlett's testimony, the trial court's stated reasons for finding Renfrow guilty, and the law relating to the admissibility of testimony from probation officers. In the course of that review, the trial court's explicit – and plainly erroneous – reliance on Bartlett's testimony to convict Renfrow of child molestation would become apparent, whether that issue had itself been briefed or not. This is not a case in which the unbriefed error is unrelated to the argument which we all agree that Renfrow adequately made. In similar circumstances, the Southern District recently held that an unbriefed error justified reversal. It explained: "Because *our review of the record has revealed [an] evident, obvious and clear error[ ] that resulted in manifest injustice to Defendant*, we exercise our discretionary authority to grant relief pursuant to Rule 30.20." *State v. Lawrence*, 250 S.W.3d 763, 766 (Mo. App. S.D. 2008) (emphasis added). The same rationale applies to this case.

The admission of Bartlett's testimony constituted plain error justifying reversal of Renfrow's conviction of second-degree child molestation. Unlike the forcible rape charge, there was no physical evidence or corroborating testimony supporting Renfrow's conviction of child molestation. Instead, the only evidence of Renfrow's guilt came from testimony of the victim (that she and Renfrow engaged in sexual intercourse on a single occasion around the time they ceased dating in February 2013), and Bartlett's testimony that Renfrow told him that "he believed that they had sex twice when they dated," at a time when the victim "was probably 14, maybe 13."

Moreover, in contrast to its discussion of the forcible rape charge, the trial court explicitly referred – twice – to Bartlett's testimony as a basis for its finding that Renfrow was guilty of child molestation:

> Based upon the testimony of [the victim] *and also the admissions made by the Defendant to Ms. Bartlett*, the Court does find beyond a reasonable doubt that between the dates February 1st, 2013, and March 31st, 2013, in the County of Saline, State of Missouri, that the Defendant Russell Allen Renfrow, Junior, subjected [the victim] to sexual conduct, and that at the time [the victim] was less than 17 years old. Her testimony

4

was that it happened in February . . . .  And as I said, her testimony, ***along with the admissions made by Mr. Renfrow to Officer Bartlett***, the Defendant is guilty of Count II beyond a reasonable doubt.

(Emphasis added.)[2]  With respect to the child molestation charge, it is undeniably "clear from the record that the trial judge considered and relied upon the inadmissible evidence." *State v. Ernst*, 164 S.W.3d 70, 75 (Mo. App. S.D. 2005).

In finding a manifest injustice, it is also significant that the statement that Bartlett attributed to Renfrow essentially amounted to a confession.  To find Renfrow guilty of second-degree child molestation, the circuit court was required to find that he "subject[ed] another person who is less than seventeen years of age to sexual contact," § 566.068.1, RSMo; "sexual contact" includes "any touching of the genitals . . . , of another person . . . for the purpose of arousing or gratifying the sexual desire of any person."  § 566.010(3), RSMo.  Thus, by admitting to Bartlett that he had engaged in sexual intercourse with the victim when she was less than 17 years old, Renfrow admitted to committing the offense of second-degree child molestation.  *State v. Miller*, 372 S.W.3d 455, 470 (Mo. banc 2012) (sexual intercourse "necessarily involve[s] . . . 'touching another person with [the defendant's] genitals,'" and thus falls within the definition of "sexual contact").  The erroneous admission of Renfrow's confession, and the circuit court's explicit reliance on that confession in finding him guilty, constitutes a manifest injustice.  As the Supreme Court has recognized, "a confession is like no other evidence because it is probably the most probative and damaging evidence that can be admitted against a defendant." *State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 80-81 (Mo. banc 2015) (citation and internal quotation marks omitted).  The statutorily-privileged relationship between Renfrow and his probation officer encouraged him to be

---

[2] In *Harvey v. Director of Revenue*, 371 S.W.3d 824 (Mo. App. W.D. 2012) (en banc), this Court held that we generally will not look to a judge's oral comments from the bench to interpret or supplement an unambiguous written judgment.  Instead, "'when there are no written findings, the evidence "shall be considered as having been found in accordance with the result reached;" in other words, in the light most favorable to the judgment.'"  *Id.* at 828 (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010) (which in turn quotes Rule 73.01(c))).  *Harvey* was a *civil* case, however, and it relied on a rule of *civil* procedure (Rule 73.01(c)) to justify its holding.  By contrast, this is a criminal case, and there is no analogue to Rule 73.01(c) in Missouri's rules of criminal procedure.

5

truthful and forthcoming, under a legally-sanctioned promise of confidentiality. By admitting Renfrow's statements to his probation officer as evidence of his guilt, Renfrow unwittingly "condemn[ed] himself by his own utterances." *Id.* at 81.

The majority asserts that Renfrow suffered no manifest injustice by the plainly erroneous use of Bartlett's testimony to convict him of child molestation, because the trial court ordered that his one-year sentence for child molestation would be served concurrently to his twenty-five-year sentence for forcible rape. Despite this sentencing structure, however, Renfrow has separately challenged his child molestation conviction on appeal (at least in his second Point). The majority itself addresses Renfrow's Point II, which concerns only the child molestation conviction. Thus, even the majority recognizes that the propriety of that conviction remains a live issue despite the longer sentence Renfrow received for forcible rape. Our suspicions as to the practical consequences of reversing Renfrow's child molestation conviction provide no basis to withhold review of the evident, obvious and clear error which taints that conviction.

I share the majority's concerns at the prospect of a retrial in which the young victim would be compelled to testify again. This is the unfortunate consequence, however, of a conviction based on obviously inadmissible evidence. If this Court were to reverse Renfrow's child molestation conviction, I would hope that the prosecution would consider the impact of a retrial on the victim before deciding to retry him, particularly in light of the sentence he received for his separate forcible rape conviction.

For these reasons, I would reverse Renfrow's second-degree child molestation conviction, and remand the case to the circuit court for a new trial on that charge.

_____
Alok Ahuja, Judge