Alok Ahuja, Judge,
dissenting in part.
For the reasons stated in the maj'ority opinion, I concur in the affirmance of Ren-frew’s forcible rape conviction. I also concur in the rejection of Renfrow’s argument that the statute defining second-degree child molestation (§ 566.068, RSMo) must be read to require that offenders be 21 years of age or older. I respectfully dissent, however, from the majority’s refusal to reverse Renfrow’s conviction of second-degree child molestation because of the circuit court’s erroneous admission of testimony from Renfrow’s probation officer, Lauren Bartlett.
Bartlett testified that Renfrew “stated he believed that [he and the victim] had had sex twice when they dated” between October 2012 and February 2013, when the victim was either 14 or 15 years old. The statement attributed to Renfrew effectively admitted his guilt of second-degree child molestation, and the circuit court explicitly relied on Bartlett’s testimony in finding Renfrew guilty of this offense. As the majority recognizes, admission of Bartlett’s testimony violated § 559.125.2, RSMo, which unambiguously provides, with exceptions not relevant here, that “[information and data obtained by a probation or parole officer shall be privileged information and shall not be receivable in any court.” ,
*848 The majority asserts that Renfrow’s opening Brief faded to argue for reversal of his conviction of second-degree child molestation based on the admission of Bartlett’s testimony. I respectfully disagree. In addition to describing Bartlett’s testimony concerning what Renfrow said about the events of September 16, 2013, the fact statement of Renfrow’s opening Brief separately recites Bartlett’s testimony that he admitted to having consensual sex with the victim while they were dating. Renfrow’s first Point Relied On contends that “[t]he trial court plainly erred in allowing Mr. Renfrow’s probation officer to testify regarding statements Mr, Renfrow had made to her.” The Point attacks the entirety of Bartlett’s testimony, not just the testimony related to the forcible rape charge. Renfrow’s argument under Point I contends that Bartlett’s testimony was wholly inadmissible; like the Point Relied On, Renfrow’s legal argument is not limited to Bartlett’s testimony relevant to the forcible rape charge. Moreover, at the conclusion of his argument in Point I, Ren-frow prays “that this Court reverse his convictions and remand this case for a new and fair trial” (emphasis added); the prayer is not limited to the forcible rape conviction. The fact that Renfrow’s first Point challenges both of his convictions is made unmistakably clear in the Conclusion of his opening Brief, which contrasts the relief he is requesting in his first and second Points. The Conclusion states:
As discussed in the first point relied on, this Court should reverse both of Mr. Renfrow’s convictions and remand for a new and fair trial. As discussed in the second point relied on, this Court should reverse Mr. Renfrow’s conviction for child molestation in the second degree.
(Emphasis added.)
Thus, Renfrow’s opening Brief contains all of the essential elements of an argument that his child molestation conviction should be reversed based on the admission of Bartlett’s testimony: the Brief describes the testimony that Bartlett gave that was relevant to the child molestation charge; the Brief makes the legal argument, supported by relevant authority, that Bartlett’s testimony was “clearly inadmissible” by virtue of § 559.125.2, RSMo; and Ren-frow’s Brief closes by asking that “both of [his] convictions” be reversed based on the admission of Bartlett’s testimony. I believe this issue was adequately presented, and should accordingly be decided on the merits.
Even if the issue was not adequately raised in Renfrow’s opening Brief, however, I would still address it. Rule 30.20 authorizes this Court to consider “plain errors affecting substantial rights” “[wjhether briefed or not.” (Emphasis added.) Although an appellate court should rarely exercise the authority to consider unbriefed errors, the power to do so undeniably exists. In the footnote I have collected a number of recent cases in which this Court has reversed criminal convictions based on plain errors which were not briefed by the defendant on appeal.[1]
*849 This is an appropriate case in which to address an unbriefed issue. Even -assuming that Renfrow did not specifically challenge the effect of Bartlett’s erroneously admitted testimony on his conviction- for child molestation, he plainly challenged the admissibility of Bartlett’s testimony at least as it related to the forcible rape conviction. To decide Renfrew’s first Point necessarily requires that we review Bartlett’s testimony, the trial court’s stated reasons for finding ■ Renfrow guilty, and the law. relating to the admissibility of testimony from probation officers. In the course, of that review, the trial .court’s explicit — and plainly erroneous — reliance on Bartlett’s testimony to convict‘Renfrow of child molestation would become apparent, whether that issue had itself been briefed or not. This is not a case in which the unbriefed error is unrelated to the argument which we all agree that Renfrow adequately made. In similar circumstances, the Southern District recently held that an unbriefed error justified reversal. It explained: “Because our review of the record has revealed [an] evident, obvious and clear error[ ] that resulted in manifest injustice to Defendant, we exercise our discretionary authority to grant relief pursuant to Rule 30.20.” State v. Lawrence, 250 S.W.3d 763, 766 (Mo.App. S.D.2008) (emphasis added). The same rationale applies- to this case.
The admission of Bartlett’s testimony constituted plain error justifying reversal of Renfrew’s conviction of second-degree child molestation. Unlike the forcible rape charge, there was no physical evidence or-corroborating testimony, supporting Ren-frew’s conviction ’ of child molestation. Instead, the only evidence of Renfrew’s guilt came from testimony of the victim, (that she and Renfrow engaged in sexual intercourse on a single occasion around the time they ceased dating in February .2013), and Bartlett’s testimony that Renfrow told him that “he believed that they had sex twice when they dated,” at a time when the victim “was probably 14, maybe 13.”
. Moreover, in contrast to its discussion of the forcible rape charge, the trial court explicitly referred — twice—to Bartlett’s testimony as a basis for its finding that Renfrow was guilty of child molestation:
Based upon the testimony of [the victim] and also the admissions made by the Defendant to Ms. Bartlett, the Court does find beyond a reasonable doubt that between the dates February 1st, 2013, and March 31st, 2013, in the County of Saline, State of Missouri, that the Defendant Russell Allen Renfrow, ' Junior, subjected [the victim] to sexual *850 conduct, and that at the time [the victim] was less than 17 years old. Her testimony, was that it happened in February _And as I said, her testimony, along with the admissions made by Mr, Reh-frow to Officer Bartlett, the Defendant is guilty of Count II beyond a reasonable doubt.
(Emphasis added.)[2]. With respect to the child molestation charge, it is undeniably “clear from the record that the trial judge considered and relied upon the inadmissible evidence.” State v. Ernst, 164 S.W.3d 70, 75 (Mo.App.S.D.2005).
In finding a manifest injustice,- it is also significant that the statement that Bartlett attributed to Renfrew essentially amounted to a confession. To find Renfrew guilty of second-degree child molestation, the circuit court was required to find that he “subjected] another person who is less than seventeen years of age to sexual contact,” § 566.068.1, RSMo; “sexual contact” includes “any touching of the genitals ..., of another person ... for the purpose of arousing or gratifying the sexual desire of any person.” § 566.010(3), RSMo. Thus, by admitting to Bartlett that, he had engaged in sexual intercourse with the victim when she was less than 17 years old,.Renfrew admitted to committing the offense of second-degree. child molestation. State v. Miller, 372 S.W.3d 455, 470 (Mo.banc 2012) (sexual intercourse “necessarily involve[s] ... ‘touching another person with [the defendant’s] genitals,’ ” and thus falls within the definition of “sexual contact”). The erroneous admission of Renfrew's confession, and the circuit court’s explicit reb-anee on that confession in finding him guilty, .constitutes a manifest injustice. As the Supreme Court has recognized, “a confession is like no other evidence because it is probably the most probative and damaging evidence that can be admitted against a defendant.” State ex rel, Clemons v. Larkins, 475 S.W.3d 60, 80-81 (Mo.banc 2015) (citation and internal quotation marks omitted). The statutorily-privileged relationship between Renfrew and his probation officer encouraged him to be truthful, and forthcoming, under a legally-sanctioned promise of confidentiality. By admitting Renfrew’s statements to his probation officer as evidence of his gqilt, Renfrew unwittingly “condemn[ed] himself' by his own utterances.” Id. at 81.
The majority asserts that Renfrew suffered no manifest injustice by the plainly erroneous use of Bartlett’s testimony to convict him of child molestation, because the trial court ordered that his one-year sentence for child molestation would be served concurrently to his twenty-five-year sentence for forcible rape. Despite this sentencing structure, however, Renfrew has separately challenged his child molestation conviction on appeal (at least in his second Point). The majority itself addresses Renfrew’s Point II, which concerns only the child molestation conviction. Thus, even the majority recognizes that the propriety of that conviction remains a live issue despite the longer sentence Renfrew received for forcible rape. Our suspicions as to the practical consequences of revers- *851 mg Renfrew's child molestation conviction provide no basis to withhold review of the evident, obvious and clear error which taints that conviction.
I share the majority’s concerns at the prospect of a retrial in which the young victim would be compelled to testify again. This is the unfortunate consequence, however, of a conviction based on obviously inadmissible evidence. If this Court were to reverse Renfrew's child molestation conviction, I would hope that the prosecution would consider the impact of a retrial on the victim before deciding to retry Him, particularly in light of the sentence he received for his separate forcible rape conviction.
For these reasons, I would reverse Ren-frew’s second-degree child molestation conviction, and remand the case to the circuit court for a new trial on that charge.

. In Harvey v. Director of Revenue, 371 S.W.3d 824 (Mo.App.W.D.2012) (en banc), this Court held that we generally will not look . to a judge’s oral comments from the bench to interpret or supplement an unambiguous .written judgment. Instead, " ‘when there are no written findings, the evidence "shall be considered as having been found in accordance with the result reached;" in other words, in the light most favorable to the júdgment.’ ” Id. at 828 (quoting White v. Dir. of Revenue, 321 S.W.3d 298, 305 (Mo.banc 2010) (which in turn quotes Rule 73.01(c))). Harvey was a civil case, however, and it relied on a rule of civil procedure (Rule 73.01(c)) to justify its holding. By contrast, this is a criminal case, and there is no analogue to Rule ⅛3.01(c) in Missouri’s rules of criminal procedure.